**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Christopher S. Robertson
Moshe Melcer

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SPIRIT AIRLINES, INC.,** | **Case No. 24-11988 (___)** |
| Debtor.[1] | |

## APPLICATION OF DEBTOR FOR ENTRY OF AN ORDER (A) AUTHORIZING AND APPROVING THE APPOINTMENT OF EPIQ CORPORATE RESTRUCTURING, LLC AS CLAIMS AND NOTICING AGENT TO THE DEBTORS; AND (B) GRANTING RELATED RELIEF

Spirit Airlines, Inc. (the "**Debtor**" and, together with its affiliates, collectively, the "**Debtors**,"[2] "**Spirit**," or the "**Company**"), the debtor and debtor in possession in the above-

---

[1] The last four digits of the Debtor's employer identification number is 7023. The Debtor's mailing address is 1731 Radiant Drive, Dania Beach, FL 33404.

[2] Capitalized terms used but not immediately or otherwise defined herein shall have the meanings ascribed to them elsewhere herein, in the First Day Declaration, or the Restructuring Support Agreement (including the Plan), as applicable. As further described in paragraph 9 of the First Day Declaration, the Debtor expects that its four subsidiaries—Spirit Finance Cayman 1 Ltd., Spirit Finance Cayman 2 Ltd., Spirit Loyalty Cayman Ltd., and Spirit IP Cayman Ltd.—will file their own chapter 11 petitions in the near term, at which time Spirit will request that the Court (a) jointly administer all five chapter 11 cases (collectively, the "**Chapter 11 Cases**") and (b) extend any relief granted with respect to the First Day Pleadings (including this Motion) to such subsidiaries. Notwithstanding that as of the date hereof there is only one Spirit debtor and only one chapter 11 case, the Debtor may refer herein to all five Spirit entities as "Debtors," solely for ease of reference. Accordingly, and for the avoidance of doubt, the background information herein and the bases for the relief requested herein apply to all five Spirit entities unless otherwise indicated.

captioned chapter 11 case (the "**Chapter 11 Case**"), hereby files this application (this "**Application**") and respectfully state as follows:

## RELIEF REQUESTED

1.      By this Application, the Debtor seeks entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (a) appointing Epiq Corporate Restructuring, LLC ("**Epiq**")[3] as claims and noticing agent (the "**Claims and Noticing Agent**") for the Debtors in this Chapter 11 Cases effective as of the date hereof; and (b) granting relief.  In support of this Application, the Debtor submits the *Declaration of Kathryn Tran in Support of the Debtor's Application for Entry of an Order (I) Authorizing and Approving the Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent and (II) Granting Related Relief* (the "**Tran Declaration**"), attached hereto as **Exhibit B**.  The Debtor submits that Epiq's rates are competitive and reasonable given Epiq's quality of services and expertise.  The terms of Epiq's retention are set forth in the Engagement Agreement attached hereto as **Exhibit C** (the "**Engagement Agreement**"); *provided*, that Epiq is seeking approval solely of the terms and provisions as set forth in this Application and the Proposed Order.

2.      The Debtor anticipates that there will be thousands of entities to be noticed.  Local Rule 5075-1(b) provides that "[i]n a case in which the number of creditors and equity security holders, in the aggregate, is 250 or more, the estate shall retain, subject to approval of this Court, a claims and noticing agent in accordance with the [Claims Agent Protocol]."  In view of the number of anticipated claimants and the complexity of the Debtors' businesses, the Debtor submits that the appointment of a claims and noticing agent is required by Local Rule 5075-1(b) and is otherwise in the best interests of both the Debtor's estates and its creditors.

---

[3] Epiq is the trade name of Epiq Corporate Restructuring, LLC.

3.      By separate application, the Debtors will seek authorization to retain and employ Epiq as administrative advisor in these Chapter 11 Cases pursuant to section 327(a) of the Bankruptcy Code because the administration of these Chapter 11 Cases will require Epiq to perform duties outside the scope of 28 U.S.C. § 156(c).

## JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

5.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.  Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory and legal predicates for the relief requested herein are section 156(c) of title 28 of the United States Code, Bankruptcy Rules 9013-1(a) and 5075-1(b), and this Court's *Protocol for the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c)* (dated June 17, 2013) (the "**Claims Agent Protocol**").

## BACKGROUND

7.      On November 17, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Company remains in possession of its property and continues to operate and manage its businesses as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed in the Chapter 11 Cases.

8.      Spirit is a leading ultra low-cost carrier committed to delivering value to its guests by offering an enhanced travel experience with flexible, affordable options.  Spirit employs over

21,000 direct employees and independent contractors, and serves destinations throughout the United States, Latin America, and the Caribbean with one of the youngest and most fuel-efficient fleets in the United States.

9.        Spirit commenced the Chapter 11 Cases to implement a comprehensive financial restructuring that, once effectuated, will eliminate approximately $800 million of prepetition funded debt and provide the company with $350 million of new equity capital upon emergence. The terms of the proposed restructuring are set forth in a restructuring support agreement (the "**RSA**") among Spirit and the Consenting Stakeholders—who collectively hold approximately 80% of the debt to be restructured under the Plan and over two thirds in amount of each of the Plan's voting classes.  This deleveraging and recapitalization promises to increase Spirit's financial flexibility and fuel the Company's ongoing initiatives to provide its Guests with enhanced travel experiences and greater value. Importantly, the transactions memorialized in the RSA contemplate that Allowed Priority Claims and General Unsecured Claims against the Debtors will be paid in full or otherwise remain unimpaired (*i.e.*, "ride through" the Chapter 11 Cases).

10.        Additional information about the events leading up to the Petition Date, the RSA, and the Debtors' businesses, affairs, capital structure, and prepetition indebtedness can be found in the First Day Declaration, which is incorporated herein by reference.[4]

### EPIQ'S QUALIFICATIONS

11.        Epiq employs leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Epiq's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other

---

[4]  Capitalized terms used, but not defined in this Application have the meanings ascribed to them in the First Day Declaration.

administrative aspects of chapter 11 cases in matters of this size and complexity. Epiq's professionals have acted as Debtors' administrative advisor and/or official claims and noticing agent in many large bankruptcy cases in districts nationwide, including: *See, e.g.*, *In re Credivalores – Crediservicios S.A.*, Case No. 24-10837 (DSJ) (Bankr. S.D.N.Y. May 16, 2024); *In re Andrade Gutierrez Engenharia S.A.*, Case No. 22-11425 (MG) (Bankr. S.D.N.Y. October 31, 2022); *In re Lumileds Holding B.V., et al.*, Case No. 22-11155 (LGB) (Bankr. S.D.N.Y. August 29, 2022*); In re Madison Square Boys and Girls Club, Inc.*, Case No. 22-10910 (SHL) (Bankr. S.D.N.Y. June 29, 2022); *In re The Roman Catholic Diocese of Rockville Centre, New York et al.,* Case No. 20-12345 (SCC) (Bankr. S.D.N.Y. October 1, 2020); *In re Grupo Aeromexico, S.A.B. de C.V., et al.,* Case No. 20-11563 (SCC) (Bankr. S.D.N.Y. June 30, 2020) *In re Jason Industries, et al.,* Case No. 20-22766 (RDD) (Bankr. S.D.N.Y. June 24, 2020); *In re Trident Holding Company, LLC, et al.,* Case No. 19-10384 (SHL) (Bankr. S.D.N.Y. Feb. 10, 2019); *In re Ditech Holding Corporation, et al.,* Case No. 19-10412 (JLG) (Bankr. S.D.N.Y. Feb. 11, 2019); *In re Tops Holding II Corporation, et al.,* Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. Feb. 26, 2018); *In re Roust Corporation*, Case No. 16-23786 (RDD) (Bankr. S.D.N.Y. Jan. 10, 2017); *In re Atlas Resource Partners, L.P.*, Case No. 16-12149 (SHL) (Bankr. S.D.N.Y. Aug. 2, 2016); *In re China Fishery Group Ltd.*, Case No. 16-11895 (JLG) (Bankr. S.D.N.Y. May 24, 2017); *In re Nautilus Holdings Ltd.*, Case No. 14-22885 (RDD) (Bankr. S.D.N.Y. June 25, 2014); *In re LHI Liquidation Co. (f/k/a Loehmann's Holdings Inc.)*, Case No. 13-14050 (MG) (Bankr. S.D.N.Y. Dec. 17, 2013); *In re RDA Holding Co.*, Case No. 13-22233 (RDD) (Bankr. S.D.N.Y. Feb. 21, 2013); *In re HMX Acquisition Corp.*, Case No. 12-14300 (MEW) (Bankr. S.D.N.Y. Oct. 23, 2012); *In re K-V Discovery Solutions, Inc.*, Case No. 12-13346 (ALG) (Bankr. S.D.N.Y. Aug. 7, 2012); *In re Dewey*

5

*& LeBoeuf LLP*, Case No. 12-12321 (MG) (Bankr. S.D.N.Y. May 29, 2012); *In re Hawker Beechcraft, Inc.*, Case No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012).[5]

12.    Epiq will follow procedures that conform to applicable guidelines promulgated by the Clerk (as defined below) and the Judicial Conference and any procedures this Court might establish by order during these Chapter 11 Cases.

13.    By appointing Epiq as the Claims and Noticing Agent in these Chapter 11 Cases, the distribution of notices and the processing of claims will be expedited, and the Office of the Clerk of the United States Bankruptcy Court for the Southern District of New York (the "**Clerk**") will be relieved of the administrative burden of processing proofs of claims, if any.  Additionally, the Debtor submits that appointing Epiq as Claims and Noticing Agent in these Chapter 11 Cases will provide the most cost-effective and efficient administrative service.  The Debtors believe that based on Epiq's experience, reputation and the reasonableness of its fees, Epiq is well qualified to serve as Claims and Noticing Agent and that such retention is in the best interests of the Debtors' estates and their creditors.

## <u>SERVICES TO BE PROVIDED</u>

14.    This Application pertains only to the work to be performed by Epiq under the Clerk's Office's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 5075-1, and any work to be performed by Epiq outside of this scope is not covered by this Application or by any order granting approval hereof.  Specifically, Epiq will perform the following tasks in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

> (a)    prepare and serve required notices and documents in these Chapter 11 Cases in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or this Court, including (i) notice of the

---

[5]    Because of the voluminous nature of the orders cite herein, such orders have not been attached to this Application.  Copies of these orders are available upon request to the Debtor's proposed counsel.

commencement of these Chapter 11 Cases and the initial meeting of creditors, if any, under section 341(a) of the Bankruptcy Code, (ii) notice of any claims bar date, if necessary, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement or confirmation of the Debtors' plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan, and (vii) all other notices, orders, pleadings, publications, and other documents as the Debtors or this Court may deem necessary or appropriate for an orderly administration of these Chapter 11 Cases;

(b)     maintain an official copy of the Debtors' schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, statements of financial affairs, schedules of current income and expenditures, and schedules of executory contracts and unexpired leases (collectively, the "**Schedules**"), to the extent the filing of the Schedules is necessary in these Chapter 11 Cases, listing the Debtors' known creditors and the amounts owed thereto, if the requirement to file such Schedules is not waived by this Court;

(c)     maintain (i) a list of all potential creditors, equity holders, and other parties in interest; and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; and update and make said lists available upon request by a party in interest or the Clerk;

(d)     if necessary, furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount, and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e)     maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(f)     for **all** notices, applications, orders, or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

(g)     process all proofs of claim received, including those received by the Clerk, check said processing for accuracy, and maintain the original proofs of claim in a secure area;

(h)     provide an electronic interface for filing proofs of claim;

(i)    maintain the official claims register for the Debtors (collectively, the "**Claims Registers**") on behalf of the Clerk on a case-specific website, (ii) upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers, and (iii) specify in the Claims Registers the following information for each claim docketed: (A) the claim number assigned; (B) the date received; (C) the name and address of the claimant and agent, if applicable, who filed the claim; (D) the amount asserted; (E) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.); (F) the applicable Debtors; and (G) any disposition of the claim ;

(j)    provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

(k)    implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

(l)    record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(m)    relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Epiq, not less than weekly;

(n)    upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

(o)    monitor this Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(p)    identify and correct any incomplete or incorrect addresses in any mailing or service lists;

(q)    assist in the dissemination of information to the public and respond to requests for administrative information regarding these Chapter 11 Cases as directed by the Debtors or this Court, including through the use of a case website and/or call center;

(r)    if these Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three days of notice to Epiq of entry of the order converting the cases;

(s)    thirty days prior to the close of these Chapter 11 Cases, to the extent practicable, request that the Debtors submit to this Court a proposed order dismissing Epiq as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these Chapter 11 Cases;

(t)     within seven days of notice to Epiq of entry of an order closing these Chapter 11 Cases, provide to this Court the final version of the Claims Registers as of the date immediately before the close of these Chapter 11 Cases; and

(u)     at the close of these Chapter 11 Cases, and after consultation with the Clerk's office, transport original documents to the Clerk's office in the proper electronic format.

## PROFESSIONAL COMPENSATION

15.     The Debtor respectfully requests that the undisputed fees and expenses incurred by Epiq in the performance of the above services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of this Court. Epiq agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve monthly invoices on the Debtors, the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party-in-interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from this Court.

16.     As part of the overall compensation payable to Epiq under the terms of the Engagement Agreement, the Debtors have agreed to certain indemnification obligations. The Engagement Agreement provides that the Debtors will indemnify, defend and hold Epiq, its affiliates, parents and each such entity's officers, members, directors, agents, representatives, managers, consultants and employees harmless under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Epiq's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement. Both the Debtors and

9

Epiq believe that such provisions are customary, reasonable and necessary to retain the services of a Claims and Noticing Agent in these Chapter 11 Cases.

17.        Prior to the Petition Date, the Debtors provided Epiq a retainer in the amount of $25,000.  Epiq seeks to hold the retainer under the Engagement Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

## DISINTERESTEDNESS

18.        Although the Debtor does not propose to employ Epiq under section 327 of the Bankruptcy Code pursuant to this Application (such retention will be sought by separate application), Epiq has nonetheless reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Tran Declaration, Epiq has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

19.        Moreover, in connection with its retention as Claims and Noticing Agent, Epiq represents in the Tran Declaration, among other things, that:

(a)        Epiq is not a creditor of the Debtors;

(b)        Epiq will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these Chapter 11 Cases;

(c)        by accepting employment in these Chapter 11 Cases, Epiq waives any rights to receive compensation from the United States government in connection with these Chapter 11 Cases;

(d)        in its capacity as the Claims and Noticing Agent in these Chapter 11 Cases, Epiq will not be an agent of the United States and will not act on behalf of the United States;

(e)   Epiq will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these Chapter 11 Cases;

(f)   Epiq is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

(g)   in its capacity as Claims and Noticing Agent in these Chapter 11 Cases, Epiq will not intentionally misrepresent any fact to any person;

(h)   Epiq shall be under the supervision and control of the Clerk's Office with respect to the receipt and recordation of claims and claim transfers;

(i)   Epiq will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j)   none of the services provided by Epiq as Claims and Noticing Agent in these Chapter 11 Cases shall be at the expense of the Clerk's Office.

20.   Epiq will supplement its disclosure to this Court if any facts or circumstances are discovered that would require such additional disclosure.

## COMPLIANCE WITH CLAIMS AND NOTICING AGENT PROTOCOL

21.   This Application complies with the Claims Agent Protocol and conforms to the standard application in use in this Court. Specifically, the Debtors have solicited and reviewed engagement proposals from at least two other Court-approved claims and noticing agents to ensure selection through a competitive process.  The Debtor submits that Epiq's rates are competitive and reasonable given Epiq's quality of services and expertise.  The terms of Epiq's retention are set forth in the Engagement Agreement; *provided*, that to the extent there is any inconsistency between this Application, the Proposed Order, and the Engagement Agreement, the Proposed Order shall govern.

## ADEQUACY OF SECURITY PROTOCOLS

22.   Epiq protects client data and information systems through a multi-layered security defense approach, overseen by a Chief Information Security Officer and a dedicated Cyber Security team. Epiq maintains a robust information security program based on the ISO 27001

framework and implements data safeguards, including but not limited to: access controls, secure

facilities, network and application security, data encryption, security logging and monitoring, risk

assessments, endpoint protection, vulnerability assessments, and physical security.  In addition to

ISO 27001 certification, Epiq receives a Service Organization Controls (SOC 2 Type 2) Report on

an annual basis. This report includes all 5 trust principles (Confidentiality, Availability, Processing

Integrity, Security and Privacy).  Epiq will promptly notify the Office of the United States Trustee

and the Court of any data security breach.

**BASIS FOR RELIEF**

23.     Section 156(c) of title 28 of the United States Code, which governs the staffing and

expenses of bankruptcy courts, authorizes this Court to use "facilities" or "services" other than the

Clerk's Office for administration of bankruptcy cases.  It states:

> Any court may utilize facilities or services, either on or off the
> court's premises, which pertain to the provision of notices, dockets,
> calendars, and other administrative information to parties in cases
> filed under the provisions of title 11, United States Code, where the
> costs of such facilities or services are paid for out of the assets of the
> estate and are not charged to the United States. The utilization of
> such facilities or services shall be subject to such conditions and
> limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

24.     In addition, Local Rule 5075-1(a) provides:

> The Court may direct, subject to the supervision of the Clerk, the
> use of agents either on or off the Court's premises to file Court
> records, either by paper or electronic means, to issue notices, to
> maintain case dockets, to maintain Judges' calendars, and to
> maintain and disseminate other administrative information where
> the costs of such facilities or services are paid for by the estate.

Local Rule 5075-1(a).

25.     This Court may also rely on its general equitable powers to grant the relief

requested in this Application.  Section 105 of the Bankruptcy Code empowers this Court to "issue

any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

26.     Local Rule 5075-1(b) requires the retention, pursuant to an order of this Court, of an approved claims and noticing agent in a case having 250 or more creditors and/or equity security holders, which is applicable to these Chapter 11 Cases.

27.     Given the number of creditors and other parties in interest involved in these Chapter 11 Cases, the Debtor seeks an order appointing Epiq as the Claims and Noticing Agent in these Chapter 11 Cases effective as of the Petition Date pursuant to 28 U.S.C. § 156(c) and Local Rule 5075-1 to relieve this Court and the Clerk's Office of administrative burdens.

28.     At the Debtors' request, Epiq has been serving in a Claims and Noticing Agent capacity since prior to the Petition Date with assurances that the Debtors would seek approval of its employment and retention effective as of the Petition Date so that Epiq may be compensated for its pre-application services in these Chapter 11 Cases.  The Debtors believe that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment, as provided herein, because Epiq has provided and continues to provide valuable services to the Debtors' estates in the interim period.

29.     Courts in this jurisdiction have routinely approved *nunc pro tunc* employment for claims and noticing agents similar to that requested herein.  *See, e.g.*, *Lumileds Holding B.V., et al.* (Bankr. S.D.N.Y. Aug. 31, 2022) [Docket No. 68] (approving appointment of claims and noticing agent effective to the petition date); *In re GBG USA Inc.*, Case No. 21-11369 (Bankr. S.D.N.Y. Sept. 1, 2021) [Docket No. 154] (same); *In re Century 21 Dep't Stores LLC*, Case No. 20-12097 (Bankr. S.D.N.Y. Sept. 14, 2020) [Docket No. 48] (same); *In re Barneys New York, Inc.*,

Case No. 19-36300 (Bankr.S.D.N.Y. Aug. 7. 2019) [Docket No. 55] (same); *In re Hollander Sleep Prods., LLC*, Case No. 19-11608 (Bankr. S.D.N.Y. May 19, 2019) [Docket No. 12] (same).

30.    Based on the foregoing, the Debtor submits that they have satisfied the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Accordingly, the Debtor respectfully requests entry of the Proposed Order, pursuant to 28 U.S.C. § 156(c) and Local Rule 5075-1, approving this Application to retain and employ Epiq as the Claims and Noticing Agent in these Chapter 11 Cases.

## **MOTION PRACTICE**

31.    This Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Application.  Accordingly, the Debtor submits that this Application satisfies Local Rule 9013-1(a).

## **NOTICE**

32.    Notice of this Motion will be provided to the following parties (or their counsel) (collectively, the "**Notice Parties**"):  (a) the Office of the United States Trustee for the Southern District of New York; (b) those creditors holding the 20 largest unsecured claims against the Debtor's estate; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the Southern District of New York; (f) the state attorneys general for states in which the Debtor conducts business; (g) the Department of Transportation; (h) the Consenting Stakeholders; (i) the Prepetition Agents/Trustees; (j) the DIP Secured Parties; and (k) any other party that is identified on Spirit's master service list,[6] is entitled to notice under Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), or has requested notice pursuant to Bankruptcy Rule 2002.  A copy of

---

[6]  Accessible by visiting https://dm.epiq11.com/SpiritGoForward.

this Motion and any order entered in respect thereto will also be made available on the Debtors'
case information website located at dm.epiq11.com/SpiritGoForward.  Based on the urgency of
the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtor
respectfully submits that no other or further notice is required.

*[Remainder of page intentionally left blank.]*

**WHEREFORE,** the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the forms attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:    November 18, 2024
New York, New York

DAVIS POLK & WARDWELL LLP

/s/ *Darren S. Klein*
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Christopher S. Robertson
Moshe Melcer

*Proposed Counsel to the Debtor and Debtor in Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SPIRIT AIRLINES, INC.,** | **Case No. 24-11988 (___)** |
| Debtor.[1] | |

### ORDER (A) AUTHORIZING AND APPROVING THE APPOINTMENT OF EPIQ CORPORATE RESTRUCTURING, LLC AS CLAIMS AND NOTICING AGENT TO THE DEBTORS AND (B) GRANTING RELATED RELIEF

Upon the application (the "**Application**")[2] of the Debtor for an order (this "**Order**"): (a) appointing Epiq as the claims and noticing agent (the "**Claims and Noticing Agent**") to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket, and otherwise administer the proofs of claim filed in these Chapter 11 Cases, and (iii) provide such other administrative services—as required by the Debtors—that would fall within the purview of services to be provided by the Clerk's Office; and (b) granting related relief, all as more fully set forth in the Application; and upon the Tran Declaration submitted in support of the Application; and this Court having reviewed the Application and the First Day Declarations; and the Debtors having estimated that there are in excess of 1,000 creditors in these Chapter 11 Cases, some which may file proofs of claim, and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and this Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtors' expense, outside

---

[1]  The last four digits of the Debtor's employer identification number is 7023.  The Debtor's mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and this Court being satisfied that the Claims Noticing Agent has the capability and experience to provide such services and that the Claims and Noticing Agent does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given; and no other or further notice being required; and it appearing that the employment of the Claims and Noticing Agent is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and consideration of the Application and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held, if any, to consider the relief requested in the Application (the "**Hearing**"); and upon the First Day Declaration, the Tran Declaration, and the record of the Hearing; and all the proceedings before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3.     Notwithstanding the terms of the Engagement Letter attached to the Application, the Application is approved solely as set forth in this Order.

4.     The Debtor is authorized to retain Epiq as Claims and Noticing Agent effective as of the Petition Date under the terms of the Engagement Agreement, and the Claims and Noticing Agent is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in this Chapter 11 Case, and all related tasks, all as described in the Application on a final basis (the "**Claims and Noticing Services**").

5.     Epiq shall serve as the interim custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in this Chapter 11 Case and is authorized and directed to maintain the official Claims Register for the Debtor, to provide public access to every proof of claim unless otherwise ordered by this Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk who remains the official custodian of court records under 28 U.S.C. § 156(e).

6.     Epiq is authorized and directed to provide an electronic interface for filing proofs of claim—to the extent necessary—and to obtain a post office box or address for the receipt of proofs of claim.

7.     Epiq is authorized to take such other action to comply with all duties set forth in the Application.

8.     The Debtor is authorized to compensate Epiq in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Epiq and the rates charged for each, and to reimburse Epiq for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the

need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

9.      Epiq shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtor, the United States Trustee, counsel for the Debtor, counsel for any official committee monitoring the expenses of the Debtor, and any party in interest who specifically requests service of the monthly invoices.

10.      The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; *provided*, that the parties may seek resolution of the matter from this Court if resolution is not achieved.

11.      Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of the Debtor's estate.

12.      Epiq may apply its advance to all prepetition invoices, which advance shall be replenished to the original advance amount, and thereafter, Epiq may hold its advance under the Engagement Agreement during this Chapter 11 Case as security for the payment of fees and expenses incurred under the Engagement Agreement.

13.      The Debtor shall indemnify Epiq under the terms of the Engagement Agreement, as modified pursuant to this Order.

14.      That any limitation of liability contained in the Engagement Agreement shall have no effect during this Chapter 11 Case.

15.      All requests by Epiq for the payment of indemnification as set forth in the Engagement Agreement shall be made by means of an application to this Court and shall be subject to review by this Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement

in respect of which indemnity is sought; *provided*, that in no event shall Epiq be indemnified in the case for its own bad faith, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

16.     In the event that Epiq seeks reimbursement from the Debtor for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Epiq's own applications, both interim and final, but determined by this Court after notice and a hearing.

17.     In the event Epiq is unable to provide the services set out in this Order, Epiq will immediately notify the Clerk and the Debtor's counsel and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtor's counsel.

18.     The Debtor may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Epiq, but is not specifically authorized by this Order.

19.     Epiq protects client data and information systems through a multi-layered security defense approach, overseen by a Chief Information Security Officer and a dedicated Cyber Security team. Epiq maintains a robust information security program based on the ISO 27001 framework and implements data safeguards, including but not limited to: access controls, secure facilities, network and application security, data encryption, security logging and monitoring, risk assessments, endpoint protection, vulnerability assessments, and physical security.  In addition to ISO 27001 certification, Epiq receives a Service Organization Controls (SOC 2 Type 2) Report on an annual basis. This report includes all 5 trust principles (Confidentiality, Availability, Processing

Integrity, Security and Privacy).  Epiq will promptly notify the Office of the United States Trustee and the Court of any data security breach.

20.     The Debtor and Claims and Noticing Agent are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Application.

21.     Epiq shall not cease providing claims processing services during this Chapter 11 Case for any reason, including nonpayment, without an order of this Court.

22.     In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

23.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:     _____, 2024
              New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Tran Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SPIRIT AIRLINES, INC.,** | Case No. 24-11988 (___) |
| **Debtor.**[1] | |

**DECLARATION OF KATHRYN TRAN IN**
**SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY**
**OF AN ORDER (A) AUTHORIZING AND APPROVING THE**
**APPOINTMENT OF EPIQ CORPORATE RESTRUCTURING, LLC**
**AS CLAIMS AND NOTICING AGENT AND (B) GRANTING RELATED RELIEF**

I, Kathryn Tran, under penalty of perjury, declare as follows:

1.     I am a Consulting Director at Epiq Corporate Restructuring, LLC ("**Epiq**"), a chapter 11 administrative services firm with offices at 777 Third Avenue, 12th Floor New York, New York 10017.  Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2.     This declaration (this "**Declaration**") is made in support of the *Application of Debtor For Entry of an Order (A) Authorizing and Approving the Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent to the Debtors; and (B) Granting Related Relief*, filed contemporaneously herewith (the "**Application**").[2]

3.     Epiq employs leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Epiq's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other

---

[1] The last four digits of the Debtor's employer identification number is 7023.  The Debtor's mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

administrative aspects of chapter 11 cases in matters of this size and complexity. Epiq's professionals have acted as debtors' administrative advisor and/or official claims and noticing agent in many large bankruptcy cases in districts nationwide, including: *In re Credivalores – Crediservicios S.A.*, Case No. 24-10837 (DSJ) (Bankr. S.D.N.Y. May 16, 2024); *In re Andrade Gutierrez Engenharia S.A.*, Case No. 22-11425 (MG) (Bankr. S.D.N.Y. October 31, 2022); *In re Lumileds Holding B.V., et al.*, Case No. 22-11155 (LGB) (Bankr. S.D.N.Y. August 29, 2022*); In re Madison Square Boys and Girls Club, Inc.*, Case No. 22-10910 (SHL) (Bankr. S.D.N.Y. June 29, 2022); *In re The Roman Catholic Diocese of Rockville Centre, New York et al.,* Case No. 20-12345 (SCC) (Bankr. S.D.N.Y. October 1, 2020); *In re Grupo Aeromexico, S.A.B. de C.V., et al.,* Case No. 20-11563 (SCC) (Bankr. S.D.N.Y. June 30, 2020); *In re Jason Industries, et al.,* Case No. 20-22766 (RDD) (Bankr. S.D.N.Y. June 24, 2020); *In re Trident Holding Company, LLC, et al.,* Case No. 19-10384 (SHL) (Bankr. S.D.N.Y. Feb. 10, 2019); *In re Ditech Holding Corporation, et al.,* Case No. 19-10412 (JLG) (Bankr. S.D.N.Y. Feb. 11, 2019); *In re Tops Holding II Corporation, et al.,* Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. Feb. 26, 2018); *In re Roust Corporation*, Case No. 16-23786 (RDD) (Bankr. S.D.N.Y. Jan. 10, 2017); *In re Atlas Resource Partners, L.P.*, Case No. 16-12149 (SHL) (Bankr. S.D.N.Y. Aug. 2, 2016); *In re China Fishery Group Ltd.*, Case No. 16-11895 (JLG) (Bankr. S.D.N.Y. May 24, 2017); *In re Nautilus Holdings Ltd.*, Case No. 14-22885 (RDD) (Bankr. S.D.N.Y. June 25, 2014); *In re LHI Liquidation Co. (f/k/a Loehmann's Holdings Inc.)*, Case No. 13-14050 (MG) (Bankr. S.D.N.Y. Dec. 17, 2013); *In re RDA Holding Co.*, Case No. 13-22233 (RDD) (Bankr. S.D.N.Y. Feb. 21, 2013); *In re HMX Acquisition Corp.*, Case No. 12-14300 (MEW) (Bankr. S.D.N.Y. Oct. 23, 2012); *In re K-V Discovery Solutions, Inc.*, Case No. 12-13346 (ALG) (Bankr. S.D.N.Y. Aug. 7, 2012); *In re Dewey*

*& LeBoeuf LLP*, Case No. 12-12321 (MG) (Bankr. S.D.N.Y. May 29, 2012); *In re Hawker Beechcraft, Inc.*, Case No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012).[3]

4.      As agent and custodian of Court records pursuant to 28 U.S.C. § 156(c), Epiq will perform, at the request of the Office of the Clerk of this Court (the "**Clerk's Office**"), the services specified in the Application and the Engagement Agreement, and, at the Debtors' request, any related administrative, technical, and support services as specified in the Application and the Engagement Agreement. In performing such services, Epiq will charge the Debtors the rates set forth in the Engagement Agreement, which is attached as **<u>Exhibit C</u>** to the Application.

5.      Epiq represents, among other things, the following:

(a)      Epiq is not a creditor of the Debtors;

(b)      Epiq will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these Chapter 11 Cases;

(c)      By accepting employment in these Chapter 11 Cases, Epiq waives any rights to receive compensation from the United States government in connection with these Chapter 11 Cases;

(d)      In its capacity as the Claims and Noticing Agent in these Chapter 11 Cases, Epiq will not be an agent of the United States and will not act on behalf of the United States;

(e)      Epiq will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these Chapter 11 Cases;

---

[3]   Because of the voluminous nature of the orders cite herein, such orders have not been attached to this Application.  Copies of these orders are available upon request to the Debtor's proposed counsel.

(f)     Epiq is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g)     In its capacity as Claims and Noticing Agent in these Chapter 11 Cases, Epiq will not intentionally misrepresent any fact to any person;

(h)     Epiq shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i)     Epiq will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j)     None of the services provided by Epiq as Claims and Noticing Agent in these Chapter 11 Cases shall be at the expense of the Clerk's office.

6.     To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Epiq, nor any employee thereof, has any materially adverse connection to the Debtors, its creditors, or other relevant parties. Epiq may have relationships with certain of the Debtors' creditors as a vendor or in connection with cases in which Epiq serves or has served in a neutral capacity as noticing, claims, and balloting agent for another chapter 11 debtors.

7.     Epiq conducted a review, completed under my supervision, of the identified potential parties in interest (the "**Potential Parties in Interest**") in these Chapter 11 Cases based on a query of an internal client database containing names of individuals and entities that are present or recent clients of Epiq. The list of Potential Parties in Interest was provided by the Debtors and is annexed hereto as **Schedule 1**. To the best of my knowledge, and based solely upon information provided to me by the Debtors, Epiq does not have any materially adverse

4

connection to the Debtors, their creditors or other relevant parties, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason. To the extent that Epiq's conflicts check has revealed that certain Potential Parties in Interest were connected to Epiq, these parties have been identified on a list annexed hereto as **Schedule 2** (the "***Client Match List***"). To the best of my knowledge, any such connections between Epiq and any parties on the Client Match List is completely unrelated to these Debtors.

8.      Epiq's personnel may have relationships with some of the Debtors' creditors or other parties in interest. However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal nature and completely unrelated to these Chapter 11 Cases. Epiq has and will continue to represent clients in matters unrelated to these Chapter 11 Cases. In addition, Epiq has had and will continue to have relationships in the ordinary course of its business with certain vendors, professionals, and other parties in interest that may be involved in the Debtors' case in matters unrelated to this case. Epiq may also provide professional services to entities or persons that may be creditors or parties in interest in these Chapter 11 Cases, which services do not directly relate to, or have any direct connection with, these Chapter 11 Cases or the Debtors. To the best of my knowledge, neither Epiq, nor any employees thereof, represents any interest materially adverse to the Debtors' estates with respect to any matter upon which Epiq is to be engaged.

9.      Epiq and another affiliate, Hilsoft, Inc., are wholly owned subsidiaries of Epiq Systems, Inc. Epiq Systems, Inc., is a wholly owned subsidiary of Document Technologies, LLC ("**DTI**"), a global legal process outsourcing company, which is an ultimate wholly owned subsidiary of DTI Topco, Inc. ("**DTI Topco**"). These companies provide integrated technology products and services to the legal profession for electronic discovery, class action settlements,

financial transactions, chapter 7 and 13 bankruptcy, litigation, and regulatory compliance.  Given the legal and operational separateness of Epiq from its affiliates and the administrative nature of the services performed by such companies, Epiq does not believe that a conflict would arise solely from any relations or claim of an Epiq affiliate or its corporate parent.

10.     Although the Debtor does not propose to employ Epiq under section 327 of the Bankruptcy Code (because such retention will be sought by separate application), Epiq has nonetheless reviewed its electronic database to determine whether it has any relationships with the entities provided by the Debtors.  At this time, we are not aware of any relationship which would present a disqualifying conflict of interest.  Should Epiq discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Epiq will promptly file a supplemental declaration.  Epiq will also comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

11.     Should Epiq discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Epiq will use reasonable efforts to promptly file a supplemental affidavit.

12.     In performing the services of Claims and Noticing Agent, Epiq will charge the Debtors the rates set forth in the Engagement Letter.

13.     Epiq is no longer party to an agreement with XClaim Inc. ("**Xclaim**").  Neither Epiq nor its affiliates are party to any agreements where it/they receive(s) consideration in exchange for transferring information derived from its role as a claims agent under 28 U.S.C. § 156(c) to non-client third parties beyond the disclosed prior agreement with Xclaim.

14.     Epiq will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

15.     Based on the foregoing, I believe that Epiq is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

*[Remainder of page intentionally left blank.]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my information, knowledge, and belief.

Dated:  November 18, 2024
New York, New York

/s/ Kathryn Tran
Kathryn Tran
Consulting Director
Epiq Corporate Restructuring, LLC

**<u>Exhibit C</u>**

**Engagement Agreement**



# EPIQ CORPORATE RESTRUCTURING

## STANDARD SERVICES AGREEMENT

This Standard Services Agreement is being entered into by and between Epiq Corporate Restructuring, LLC ("Epiq"), on the one hand, and Spirit Airlines Inc., on its own behalf and on behalf of its subsidiaries listed on Exhibit A[1] attached hereto (collectively, the "Client"), on the other hand, as of the Effective Date, as defined below.  In consideration of the premises herein contained and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## General Terms and Conditions

**1.  Services.**

In accordance with the charges, terms and conditions contained in this agreement and in the schedule(s) attached hereto (collectively, the "Agreement"), Epiq agrees to furnish Client with the services set forth on the Services Schedule hereto (the "Services") in connection with a corporate restructuring.  Services will be provided on an as needed basis and upon request or agreement of Client.  Charges for the Services will be based on the pricing schedule provided to Client hereto (the "Pricing Schedule").  The Pricing Schedule sets forth individual unit pricing for each of the Services provided by Epiq and represents a bona fide proposal for that Service.  Client may request separate Services or all of the Services reflected in the Pricing Schedule.

**2.  Term.**

This Agreement shall become effective on the date of its acceptance by both Epiq and Client; provided, however, Epiq acknowledges that Bankruptcy Court approval of its engagement may be required in order for Epiq to be engaged in a chapter 11 proceeding.  The Agreement shall remain in effect until terminated: (a) by Client, on thirty (30) days' prior written notice to Epiq and, to the extent Epiq has been retained by Bankruptcy Court order, entry of an order of the Bankruptcy Court discharging Epiq; or (b) by Epiq, on ninety (90) days' prior written notice to Client and, to the extent Epiq has been retained by Bankruptcy Court order, entry of an order of the Bankruptcy Court discharging Epiq.

**3.  Charges.**

3.1    For the Services and materials furnished by Epiq under this Agreement, Client shall pay the fees, charges and costs set forth in the Pricing Schedule subject to any previously agreed upon discount or credit if applicable.  Epiq will bill Client monthly.  All invoices shall be due and payable upon receipt.

---

[1] The subsidiaries set forth on Exhibit A annexed hereto may be modified from time to time by Epiq and the Client.



3.2   Epiq reserves the right to make reasonable increases to the unit prices, charges and professional service rates reflected in the Pricing Schedule on an annual basis effective January 2, 2025.  If such annual increases exceed 10% from the prior year's level, Epiq shall provide sixty (60) days' prior written notice to Client of such proposed increases.

3.3   Client agrees to pay Epiq for all materials necessary for performance of the Services under this Agreement (other than computer hardware and software) and any reasonable out of pocket expenses including, without limitation, transportation, long distance communications, printing, photocopying, fax, postage and related items.

3.4   Client shall pay or reimburse all taxes applicable to services performed under this Agreement and, specifically, taxes based on disbursements made on behalf of Client, notwithstanding how such taxes may be designated, levied or based.  This provision is intended to include sales, use and excise taxes, among other taxes, but is not intended to include personal property taxes or taxes based on net income of Epiq.

3.5   Client shall pay to Epiq any actual charges (including fees, costs and expenses as set forth in the Pricing Schedule) related to, arising out of or resulting from any Client error or omission.  Such charges may include, without limitation, print or copy re-runs, supplies, long distance phone calls, travel expenses and overtime expenses for work chargeable at the rates set forth on the Pricing Schedule.

3.6   In the event of termination pursuant to Section 2 hereof, Client shall be liable for all amounts then accrued and/or due and owing to Epiq under the Agreement.

3.7   To the extent permitted by applicable law, Epiq shall receive a retainer in the amount of $50,000 (the "Retainer") that may be held by Epiq as security for Client's payment obligations under the Agreement.  The Retainer is due upon execution of this Agreement.  Epiq shall be entitled to hold the Retainer until the termination of the Agreement.  Following termination of the Agreement, Epiq shall return to Client any amount of the Retainer that remains following application of the Retainer to the payment of unpaid invoices.

## 4.   Confidentiality.

Client data provided to Epiq during the term of this Agreement in connection with the Services ("Client Data") shall be maintained confidentially by Epiq in the same manner and to the same level as Epiq safeguards data relating to its own business; provided, however, that if Client Data is publicly available, was already in Epiq's possession or known to it, was required to be disclosed by law, was independently developed by Epiq without use or reference to any Client Data, or was rightfully obtained by Epiq from a third party, Epiq shall bear no responsibility for public disclosure of such data.  Should Epiq unintentionally disclose material, non-public information in breach of this Agreement, they shall notify Client promptly.



## 5.   **Title to Property.**

Epiq reserves all property rights in and to all materials, concepts, creations, inventions, works of authorship, improvements, designs, innovations, ideas, discoveries, know-how, techniques, programs, systems and other information, including, without limitation, data processing programs, specifications, applications, processes, routines, sub-routines, procedural manuals and documentation (collectively, the "Property") furnished or developed by Epiq for itself or for use by Client.  Charges paid by Client do not vest in Client any rights to the Property, it being expressly understood that the Property is made available to Client under this Agreement solely for Client's use during and in connection with each use of the Epiq equipment and services.  Client agrees not to copy or permit others to copy any of the Property.  Client reserves all property rights in and to all Property (including any Property developed by Client for itself or for use by Epiq) provided to Epiq.

## 6.   **Disposition of Data.**

6.1   Client is responsible for the accuracy of the programs and Client Data it provides or gives access to Epiq and for the output resulting from such data.  Client shall initiate and maintain backup files that would allow Client to regenerate or duplicate all programs and Client Data which Client provides or gives access to Epiq.  Client agrees, represents and warrants to Epiq that, prior to delivery of any Client Data to Epiq, it has full authority to deliver Client Data to Epiq.  Client agrees, represents and warrants to Epiq that it has obtained binding consents, permits, licenses and approvals from all necessary persons, authorities or individuals, and has complied with all applicable policies, regulations and laws, required by Client, in order to allow Epiq to use all Client Data delivered to it in connection with its Services.  Epiq shall not be liable for, and Client accepts full responsibility for, any liability or obligation with respect to Client Data prior to Epiq's receipt, including without limitation, any liability arising during the delivery of Client Data to Epiq.

6.2   Client shall remain liable for all out of pocket charges incurred by Epiq under this Agreement as a result of any Client Data, programs, storage media or other materials furnished by Client (collectively, "Client Materials") and maintained by Epiq.  Epiq shall dispose of Client Materials in the manner requested by Client (except to the extent disposal may be prohibited by law).  Client agrees to pay Epiq for reasonable expenses incurred as a result of the disposition of Client Materials.  Epiq reserves the right to dispose of any Client Materials if this Agreement is terminated without Client's direction as to the return or disposal of Client Materials or Client has not paid all charges due to Epiq for a period of at least ninety (90) days; provided, however, Epiq shall provide Client with thirty (30) days' prior written notice of its intent to dispose of such data and media.

## 7.   **Indemnification.**

7.1   Client shall indemnify, defend and hold Epiq, its affiliates, parent, and each such entity's officers, members, directors, agents, representatives, managers, consultants and employees (each an "Indemnified Person") harmless from and against any and all losses, claims, damages, liabilities, costs (including, without limitation, costs of preparation and attorneys' fees) and expenses as



incurred (collectively, "Losses"), to which any Indemnified Person may become subject or involved in any capacity arising out of or relating to this Agreement or Epiq's rendering of services pursuant hereto, regardless of whether any of such Indemnified Persons is a party thereto, other than Losses resulting solely from Epiq's gross negligence or willful misconduct. Without limiting the generality of the foregoing, "Losses" includes any liabilities resulting from claims by third persons against any Indemnified Person. Client and Epiq shall notify the other party in writing promptly of the commencement, institution, threat, or assertion of any claim, action or proceeding of which Client is aware with respect to the services provided by Epiq under this Agreement. Such indemnity shall remain in full force and effect regardless of any investigation made by or on behalf of Client, and shall survive the termination of this Agreement until the expiration of all applicable statutes of limitation with respect to Epiq's liabilities.

7.2    Notwithstanding the foregoing, Epiq shall indemnify, defend and hold Client, its subsidiaries and affiliates, and each entity's officers, members, directors, agents, representatives, managers, consultants and employees harmless from and against any and all Losses, whether or not such Losses occur on the Client's premises, and to the extent arising from the gross negligence, fraud, or willful misconduct of Epiq, its employees or representatives.

## 8. Limitation of Liability

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS AGREEMENT, THIS SECTION SHALL CONTROL.

(a) EACH PARTY AND ITS RESPECTIVE AGENTS SHALL NOT HAVE ANY OBLIGATION OR LIABILITY TO THE OTHER PARTY OR TO ANY THIRD PARTY (WHETHER IN TORT, EQUITY, CONTRACT, WARRANTY OR OTHERWISE AND NOTWITHSTANDING ANY FAULT, NEGLIGENCE, PRODUCT LIABILITY, OR STRICT LIABILITY IN ACCORDANCE WITH APPLICABLE LAW, RULE OR REGULATION) FOR ANY INDIRECT, GENERAL, PUNITIVE, INCIDENTAL, SPECIAL, OR CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT LIMITED TO BUSINESS INTERRUPTION, LOST WAGES, BUSINESS OR PROFITS, OR LOSS OF DATA INCURRED BY CLIENT OR ANY OTHER PERSON, ARISING OUT OF RELATING TO THIS AGREEMENT, OR ANY USE, INABILITY TO USE OR RESULTS OF USE OF THE SERVICES OR SOFTWARE OR OTHERWISE, EVEN IF SUCH PARTY WAS ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

(b) EPIQ SHALL NOT BE LIABLE TO CLIENT FOR ANY LOSSES REGARDLESS OF THEIR NATURE THAT ARE CAUSED BY OR RELATED TO A FORCE MAJEURE EVENT.

(c) THE TOTAL LIABILITY OF EACH PARTY AND ITS AGENTS TO THE OTHER PARTY OR TO ANY THIRD PARTY FOR ALL LOSSES ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE SERVICES SHALL NOT EXCEED THE TOTAL AMOUNT PAID BY THE CLIENT TO EPIQ FOR THE PARTICULAR SERVICES WHICH GAVE RISE TO THE LOSSES IN THE IMMEDIATE SIX (6) MONTHS PRIOR TO THE DATE OF THE ACTION GIVING RISE TO THE ALLEGED LOSS.



## 9.  Representations / Warranties.

Epiq makes no representations or warranties, express or implied, including, without limitation, any implied or express warranty of merchantability, suitability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.

## 10. Confidential On-Line Workspace

Upon request of Client, Epiq shall be authorized to: (a) establish a confidential on-line workspace with an outside vendor in connection with the provision of its services to Client pursuant to this Agreement; and (b) with the consent of Client and/or its designees, publish documents and other information to such confidential workspace.  By publishing documents and other information to this confidential workspace in accordance with the foregoing, Epiq shall not be considered in violation of any of the provisions of this Agreement, including, but not limited to, Section 4 (Confidentiality).

## 11.  General

11.1  No waiver, alteration, amendment or modification of any of the provisions of this Agreement shall be binding upon either party unless signed in writing by a duly authorized representative of both parties.

11.2  This Agreement may not be assigned by Client without the express written consent of Epiq, which consent shall not be unreasonably withheld.  The services provided under this Agreement are for the sole benefit and use of Client, and shall not be made available to any other persons.

11.3  This Agreement shall be governed by the laws of the State of New York, without regard to that state's provisions for choice of law.  Client and Epiq agree that any controversy or claim arising out of or relating to this Agreement or the alleged breach thereof shall be settled by mandatory, final and binding arbitration before the American Arbitration Association in New York, New York and such arbitration shall comply with and be governed by the rules of the American Arbitration Association, provided that each party may seek interim relief in court as it deems necessary to protect its confidential information and intellectual property rights.  Any arbitration award rendered pursuant to this provision shall be enforceable worldwide.

11.4  The parties hereto agree that this Agreement is the complete and exclusive statement of the agreement between the parties which supersedes all proposals or prior agreements, oral or written, and all other communications between the parties relating to the subject matter of this Agreement.

11.5  Client will use its best efforts to cooperate with Epiq at Client's facilities if any portion of the Services requires its physical presence thereon.



11.6 In no event shall Epiq's Services constitute or contain legal advice or opinion, and neither Epiq nor its personnel shall be deemed to practice law hereunder.

11.7 Except for Client's obligation to pay fees, expenses and charges hereunder when due, neither party shall be in default or otherwise liable for any delay in or failure of its performance under this Agreement to the extent such delay or failure arises by reason of any act of God, any governmental requirement, act of terrorism, riots, epidemics, flood, strike, lock-out, industrial or transportational disturbance, fire, lack of materials, war, event of force majeure, or other acts beyond the reasonable control of a performing party.

11.8 This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.

11.9 All clauses and covenants in this Agreement are severable; in the event any or part of them are held invalid or unenforceable by any court, such clauses or covenants shall be valid and enforced to the fullest extent available, and this Agreement will be interpreted as if such invalid or unenforceable clauses or covenants were not contained herein. The parties are independent contractors and, except as expressly stated herein, neither party shall have any rights, power or authority to act or create an obligation on behalf of the other party.

11.10 Notices to be given or submitted by either party to the other, pursuant to this Agreement, shall be sufficiently given or made if given or made in writing and sent by hand delivery, overnight or certified mail, postage prepaid, and addressed as follows:

        If to Epiq:

                Epiq Corporate Restructuring, LLC
                777 Third Avenue, 12th Floor
                New York, New York 10017
                Attn: Brad Tuttle

        If to Client:

                Spirit Airlines, Inc.
                1731 Radiant Drive
                Dania Beach, FL 33004
                Attention: Fred Cromer

        With a copy to:

                Davis Polk & Wardwell LLP
                450 Lexington Avenue
                New York, NY 10010
                Attention: Darren Klein



11.11 Invoices sent to Client should be delivered to the following address:

                             Spirit Airlines, Inc.
                             1731 Radiant Drive
                             Dania Beach, FL 33004
                             Attention: Fred Cromer
          Email:                 Fred.Cromer@Spirit.com


11.12   The "Effective Date" of this Agreement is November 2, 2024.



IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**EPIQ CORPORATE RESTRUCTURING, LLC**

_____
Name:  Brad Tuttle
Title:    Senior Managing Director and GM

**SPIRIT AIRLINES, INC.,** on its own behalf
and on behalf of its subsidiaries

By: _____
   Signed by:
   *Fred Cromer*
   D841E3C697B64BB...

Name:  Fred Cromer

Title:    Chief Financial Officer



## EXHIBIT A

1. Spirit Airlines, Inc.

Subsidiaries
2. Spirit Finance Cayman 1 Ltd.
3. Spirit Finance Cayman 2 Ltd.
4. Spirit IP Cayman Ltd.
5. Spirit Loyalty Cayman Ltd.



# SERVICES SCHEDULE

## SCHEDULES/STATEMENT PREPARATION

➢ Assist the Debtors with administrative tasks in the preparation of their bankruptcy Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("Statements"), including (as needed):

- Coordinate with the Client and its advisors regarding the Schedules and Statements process, requirements, timelines and deliverables.
- Create and maintain databases for maintenance and formatting of Schedules and Statements data.
- Coordinate collection of data from Client and advisors.
- Provide data entry and quality assurance assistance regarding Schedules and Statements, including, specifically, the creation of Schedule G.

## CLAIMS MANAGEMENT

➢ Maintain copies of all proofs of claim and proofs of interest filed (in hard copy and electronic form).

➢ Provide a secure on-line tool through which creditors can file proofs of claim and related documentation, eliminating costly manual intake, processing and data entry of paper claims and ensuring maximum efficiency in the claim-filing process.

➢ Create and maintain electronic databases for creditor/party in interest information provided by the debtor (e.g., creditor matrix and Schedules of Statements of Assets and Liabilities) and creditors/parties in interest (e.g., proof of claim/interests).

➢ Process all proof of claim/interest submitted.

➢ Provide access to the public for examination of copies of the proofs of claim or interest without charge during regular business hours.

➢ Maintain official claims registers, including, among other things, the following information for each proof of claim or proof of interest:

- Name and address of the claimant and any agent thereof, if the proof of claim or proof of interest was filed by an agent;
- Date received;
- Claim number assigned; and



- Asserted amount and classification of the claim.

➢ Create and maintain a website with general case information, key documents, claim search function, and mirror of ECF case docket.

➢ Transmit to the Clerk's office a copy of the claims registers on a monthly basis, unless requested by the Clerk's office on a more or less frequent basis or, in the alternative, make available the claims register on-line.

➢ Implement necessary security measures to ensure the completeness and integrity of the claims registers.

➢ Record all transfers of claims pursuant to Bankruptcy Rule 3001(e) and provide notice of such transfers as required by Bankruptcy Rule 3001(e).

➢ Maintain an up-to-date mailing list for all entities that have filed a proof of claim, proof of interest or notice of appearance, which list shall be available upon request of a party in interest or the Clerk's office.

## <u>NOTICING</u>

➢ Prepare and serve required notices in these Chapter 11 cases, including, as applicable, but not limited to:

- Notice of the commencement of these Chapter 11 cases and the initial meeting of creditors under section 341(a) of the Bankruptcy Code;

- Notice of any auction sale hearing;

- Notice of the claims bar date;

- Notice of objection to claims;

- Notice of any hearings on a disclosure statement and confirmation of the plan of reorganization; and

- Other miscellaneous notices to any entities, as the debtor or the Court may deem necessary or appropriate for an orderly administration of these Chapter 11 cases.

➢ After service of a particular notice - whether by regular mail, overnight or hand delivery, email or facsimile service – file with the Clerk's office an affidavit of service that includes a copy of the notice involved, a list of persons to whom the notice was mailed and the date and



manner of mailing.

➤ Update claim database to reflect undeliverable or changed addresses.

➤ Coordinate publication of certain notices in periodicals and other media.

➤ Distribute Claim Acknowledgement Cards to creditor having filed a proof of claim/interest.

## **BALLOTING/TABULATION**

➤ Provide balloting services in connection with the solicitation process for any chapter 11 plan for which a disclosure statement has been approved by the court, including (as needed):

- Consult with Client and its counsel regarding timing issues, voting and tabulation procedures, and documents needed for the vote.

- Review of voting-related sections of the voting procedures motion, disclosure statement and ballots for procedural and timing issues.

- Assist in obtaining information regarding members of voting classes, including lists of holders of bonds from DTC and other entities (and, if needed, assist Client in requesting these listings).

- Coordinate distribution of solicitation documents.

- Respond to requests for documents from parties in interest, including brokerage firm and bank back-offices and institutional holders.

- Respond to telephone inquiries from lenders, bondholders and nominees regarding the disclosure statement and the voting procedures.

- Receive and examine all ballots and master ballots cast by voting parties.  Date- stamp the originals of all such ballots and master ballots upon receipt.

- Tabulate all ballots and master ballots received prior to the voting deadline in accordance with established procedures, and prepare a certification for filing with the court.

Undertake such other duties as may be requested by the Client.

## **CALL CENTER**

➤ Provide state-of-the-art Call Center facility and services, including (as needed):



- Create frequently asked questions, call scripts, escalation procedures and call log formats.
- Record automated messaging.
- Train Call Center staff.
- Maintain and transmit call log to Client and advisors.

## MISCELLANEOUS

➢ Provide such other claims processing, noticing and related administrative services as may be requested from time to time by the Client.

➢ Promptly comply with such further conditions and requirements as the Court may at any time prescribe.

➢ Comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders and other requirements.

➢ Provide temporary employees to the Clerk's Office to process claims, as necessary.



# PRICING SCHEDULE

## CLAIM ADMINISTRATION HOURLY RATES

| Title | Rates |
| --- | --- |
| IT / Programming | $55.00 – $80.00 |
| Case Managers | $85.00 – $180.00 |
| Consultants/ Directors/Vice Presidents | $185.00 |
| Solicitation Consultant | $185.00 |
| Executive Vice President, Solicitation | $195.00 |
| Executives | No Charge |

## CLAIMS AND NOTICING RATES[2]

| | |
| --- | --- |
| Printing | $0.10 per image |
| Personalization / Labels | WAIVED |
| Envelopes | VARIES BY SIZE |
| Postage / Overnight Delivery | AT COST AT PREFERRED RATES |
| E-Mail Noticing | WAIVED FOR MSL* |
| Fax Noticing | $0.05 per page |
| Claim Acknowledgement Letter | $0.05 per letter |
| Publication Noticing | Quoted at time of request |

## DATA MANAGEMENT RATES

| | |
| --- | --- |
| Data Storage, Maintenance and Security | $0.10 per record/month |
| Electronic Imaging | $0.10 per image; no monthly storage charge |
| Website Hosting Fee | NO CHARGE |
| Jump Drive (Mass Document Storage) | Quoted at time of request |

## ON-LINE CLAIM FILING SERVICES

| | |
| --- | --- |
| On-Line Claim Filing | NO CHARGE |

---

[2]   Noticing via overnight delivery after traditional overnight drop-off times (e.g., 9:00 p.m. in NYC) may result in additional print charges.

*Quoted at time of request for high volume blasts to all creditors



## CALL CENTER RATES

| | |
|---|---|
| Standard Call Center Setup | NO CHARGE |
| Call Center Operator | $65 per hour |
| Voice Recorded Message | $0.34 per minute |

## OTHER SERVICES RATES

| | |
|---|---|
| Strategic Communication Services | Quoted at time of request |
| Escrow Services | Quoted at time of request /competitive rates |
| ATOP Event | Quoted at time of request |
| Exchange Agent Fee | $50,000 |
| Consent Agent Fee | Waived |
| Virtual Data Room -- Confidential On-Line Workspace | Quoted at time of request |
| Disbursements -- Check and/or Form 1099 | Quoted at time of request |
| Disbursements -- Record to Transfer Agent | Quoted at time of request |

## Schedule 1

**Parties in Interest List**

| Party-in-Interest | Relationship to Debtor |
|---|---|
| Beckerman, Lisa G. | Bankruptcy Judges |
| Bentley, Phillip | Bankruptcy Judges |
| Garrity Jr., James L. | Bankruptcy Judges |
| Glenn, Martin | Bankruptcy Judges |
| Jones, David S. | Bankruptcy Judges |
| Lane, Sean H. | Bankruptcy Judges |
| Mastando III, John P. | Bankruptcy Judges |
| Morris, Cecelia G. | Bankruptcy Judges |
| Paek, Kyu Y. (Mike) | Bankruptcy Judges |
| Wile, Michael E. | Bankruptcy Judges |
| Ducera Partners LLC | Bankruptcy Professionals - Other |
| Evercore Inc. | Bankruptcy Professionals - Other |
| Davis Polk | Bankruptcy Professionals - Retained |
| Davis Polk & Wardwell LLP | Bankruptcy Professionals - Retained |
| Debevoise & Plimpton | Bankruptcy Professionals - Retained |
| O'Melveny & Myers LLP | Bankruptcy Professionals - Retained |
| Perella Weinberg Partners | Bankruptcy Professionals - Retained |
| Skyworks Inc. | Bankruptcy Professionals - Retained |
| Alliancebernstein Holding LP | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Allianz SE | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Allianz SE | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Allstate Investments LLC | Banks/Lender/UCC Lien Parties/Administrative Agents |
| AQR Arbitrage LLC fka CNH Partners, LLC | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Barings LLC | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Blackrock | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Blackrock | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Brighthouse Funds Trust II | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Cyrus Capital Partners LP | Banks/Lender/UCC Lien Parties/Administrative Agents |
| De Shaw & Co LP | Banks/Lender/UCC Lien Parties/Administrative Agents |
| FMR LLC | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Franklin Resources | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Franklin Resources | Banks/Lender/UCC Lien Parties/Administrative Agents |
| III Capital Management (Triple-Eye) | Banks/Lender/UCC Lien Parties/Administrative Agents |
| JP Morgan Chase & Co | Banks/Lender/UCC Lien Parties/Administrative Agents |
| K2 & Associates Investment Mgmt | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Knights Of Columbus | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Laguna Bay Capital Pty Ltd | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Lazard Ltd | Banks/Lender/UCC Lien Parties/Administrative Agents |
| M&G PLC | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Manulife Financial Corp | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Millennium Management LLC | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Pimco Luxembourg SA | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Royal Bank Of Canada | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Shaolin Capital Management LLC | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Sig Holding LLC (Susquehanna International Group) | Banks/Lender/UCC Lien Parties/Administrative Agents |
| State Street Corp | Banks/Lender/UCC Lien Parties/Administrative Agents |
| UBS AG | Banks/Lender/UCC Lien Parties/Administrative Agents |

| Party-in-Interest | Relationship to Debtor |
|---|---|
| Victory Capital Management Inc | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Banamex | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Banco de America Central | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Citibank NA | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Deutsche Bank | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Ficohsa | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Itau Bank | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Morgan Stanley & Co LLC | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Scotiabank Bank | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Sogebank | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Treasury Partners | Banks/Lender/UCC Lien Parties/Administrative Agents |
| U.S. Bank | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Wells Fargo | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Wilmington Trust National Association | Bondholders |
| Spirit Airlines, Inc. | Debtors |
| Barclay G. Jones III | Director/Officer |
| Christie III, Ted | Director/Officer |
| Dunkerley, Mark B. | Director/Officer |
| Gardner, H. McIntyre | Director/Officer |
| Johnson, Robert D. | Director/Officer |
| Richards, Christine P. | Director/Officer |
| Soto, Myrna M. | Director/Officer |
| Wallman, Richard F. | Director/Officer |
| Alviene, Dana Shapir | Director/Officer |
| Bendoraitis, John | Director/Officer |
| Canfield, Thomas C. | Director/Officer |
| Cromer, Fred | Director/Officer |
| Ghosh, Rana | Director/Officer |
| Grindle, Linde | Director/Officer |
| Klein, Matthew H. | Director/Officer |
| Wiggins, Rocky B. | Director/Officer |
| ACE American Insurance Company | Insurance |
| ACE Fire Underwriters Insurance Company | Insurance |
| Agencia de Regulacion y control de las Telecomunicaciones (ARCOT | Insurance |
| AIG - American Home Assurance Co. | Insurance |
| AIG - NATIONAL UNION FIRE INSURANCE COMPANY | Insurance |
| AIG - WorldSource | Insurance |
| AIG Specialty Ins Co. | Insurance |
| Allianz Global Risks US Insurance Company | Insurance |
| Arch Specialty Insurance Co. | Insurance |
| Argonaut Insurance Company | Insurance |
| Ascot Specialty Insurance Company | Insurance |
| Atlantic Specialty Insurance Company | Insurance |
| AXA XL - Indian Harbor Insurance Company | Insurance |
| AXA XL (XL Specialty Insurance Company) | Insurance |
| AXIS EXCESS INSURANCE POLICY AXIS | Insurance |
| Axis Insurance Company | Insurance |

| Party-in-Interest | Relationship to Debtor |
|---|---|
| Beazley Group | Insurance |
| Berkley Insurance Company | Insurance |
| Berkshire Hathaway | Insurance |
| Brit (Lloyds of London) | Insurance |
| Chubb | Insurance |
| Comision ejecutiva portuaria autonoma | Insurance |
| Continental Casualty Company | Insurance |
| Crum & Forster Specialty | Insurance |
| El Aguila compania de seguros | Insurance |
| Great American Insurance | Insurance |
| Hartford | Insurance |
| HDI Global Insurance Company (Falcon) | Insurance |
| Hiscox | Insurance |
| Indemnity Insurance Company of North America (Chubb) | Insurance |
| Instituto Nacional De Seguros | Insurance |
| Instituto Nicaraguense de aeronautica civil | Insurance |
| Landmark American Insurance Co | Insurance |
| Liberty Surplus Insurance Corporation | Insurance |
| Lloyd's of London | Insurance |
| Member Companies of La Reunion Aerienne | Insurance |
| Nautilus Insurance Company (Berkley) | Insurance |
| OLD REPUBLIC INSURANCE COMPANY | Insurance |
| RLI Insurance Company | Insurance |
| Seguros America | Insurance |
| Seguros Bolívar | Insurance |
| Seguros del estado | Insurance |
| SELECTIVE INSURANCE COMPANY OF SE | Insurance |
| Sirius International Insurance Corporation | Insurance |
| Sompo (Endurance Assurance Corp) | Insurance |
| Southern Insurance Company | Insurance |
| Starr Surplus Lines Insurance Company per Starr Aviation Agency, Ir | Insurance |
| Starstone Specialty Insurance Company | Insurance |
| THE HARTFORD PREMIER EXCESS POLICY | Insurance |
| Underwriters at Lloyd's of London and other Licensed Companies p| Insurance |
| Westfield Insurance Company | Insurance |
| Zurich | Insurance |
| Spirit Finance Cayman 1 Ltd | Known Affiliates - JV |
| Spirit Finance Cayman 2 Ltd | Known Affiliates - JV |
| Spirit Ip Cayman Ltd | Known Affiliates - JV |
| Spirit Loyalty Cayman Ltd | Known Affiliates - JV |
| Cox, Thomas, et al. | Litigation |
| Akin Gump Strauss Hauer & Feld LLP | Ordinary Course Professionals |
| Barclays Capital Inc. | Ordinary Course Professionals |
| Berger Singerman LLP | Ordinary Course Professionals |
| Boston Consulting Group | Ordinary Course Professionals |
| Cbiz Mhm, LLC | Ordinary Course Professionals |
| Citibank Na | Ordinary Course Professionals |

| Party-in-Interest | Relationship to Debtor |
|---|---|
| Crowe Pr | Ordinary Course Professionals |
| Firme Turnier | Ordinary Course Professionals |
| Jones Day | Ordinary Course Professionals |
| Kpmg | Ordinary Course Professionals |
| Micro Accounting Services Ltd | Ordinary Course Professionals |
| Morgan Stanley & Co LLC | Ordinary Course Professionals |
| Motavita Asesores Sas | Ordinary Course Professionals |
| Myers Fletcher & Gordon | Ordinary Course Professionals |
| Nassar Abogados | Ordinary Course Professionals |
| Oliver Wyman, LLC | Ordinary Course Professionals |
| Paul, Weiss, Rifkind, Wharton | Ordinary Course Professionals |
| Philippi, Prietocarrizosa, Ferrero | Ordinary Course Professionals |
| PWC | Ordinary Course Professionals |
| Rafael Conrado PLC | Ordinary Course Professionals |
| Ryan Inc. | Ordinary Course Professionals |
| Sepriosa | Ordinary Course Professionals |
| Serfico-Fiassa | Ordinary Course Professionals |
| Sky Works Capital | Ordinary Course Professionals |
| Walker Kirkpatrick | Ordinary Course Professionals |
| Alaskan Airlines | Significant Competitors |
| Allegiant Air | Significant Competitors |
| American Airlines | Significant Competitors |
| Delta Air Lines | Significant Competitors |
| Frontier Airlines | Significant Competitors |
| Hawaiian Airlines | Significant Competitors |
| JetBlue Airways Corporation | Significant Competitors |
| SkyWest Airlines | Significant Competitors |
| Southwest Airlines Company | Significant Competitors |
| United Airlines, Inc. | Significant Competitors |
| BlackRock Inc. | Significant Equity Holders |
| BNY Asset Management | Significant Equity Holders |
| D.E. Shaw & Co. LP | Significant Equity Holders |
| Dimensional Fund Advisors LP | Significant Equity Holders |
| Geode Capital Management, LLC | Significant Equity Holders |
| Millennium Management | Significant Equity Holders |
| Northern Trust Global Investments | Significant Equity Holders |
| Squarepoint OPS LLC | Significant Equity Holders |
| State Street Global Advisors, Inc. | Significant Equity Holders |
| Vanguard Group Inc. | Significant Equity Holders |
| Aero DFW III, LP (DFW - Warehouse Lease) | Surety & Letters of Credit-Beneficiaries |
| Aero Lauderdale (FLL- Warehouse Lease) | Surety & Letters of Credit-Beneficiaries |
| Aeronautica Civil - Colombia - Unidad Administrativa de Aeronautic | Surety & Letters of Credit-Beneficiaries |
| Afianzadora Aserta, S.A. de C.V. | Surety & Letters of Credit-Beneficiaries |
| Albuquerque International Sunport | Surety & Letters of Credit-Beneficiaries |
| Arch Insurance Company | Surety & Letters of Credit-Beneficiaries |
| Autoridad de Aviacion Civil (AAC) | Surety & Letters of Credit-Beneficiaries |
| Bank of Utah (Merx N626NK_MSN5999) | Surety & Letters of Credit-Beneficiaries |

| Party-in-Interest | Relationship to Debtor |
|---|---|
| Burbank-Glendale-Pasadena Airport Authority | Surety & Letters of Credit-Beneficiaries |
| Charleston County Aviation | Surety & Letters of Credit-Beneficiaries |
| City of Houston - Houston Airport System | Surety & Letters of Credit-Beneficiaries |
| City of Los Angeles - Department of Airports | Surety & Letters of Credit-Beneficiaries |
| City of Pensacola - Pensacola International Airport | Surety & Letters of Credit-Beneficiaries |
| City of Phoenix | Surety & Letters of Credit-Beneficiaries |
| Clark County Department of Aviation | Surety & Letters of Credit-Beneficiaries |
| Connecticut Fuel Tax | Surety & Letters of Credit-Beneficiaries |
| County of Milwaukee | Surety & Letters of Credit-Beneficiaries |
| Department of Licensing Fuel Tax Unit WA | Surety & Letters of Credit-Beneficiaries |
| DGAC - Ministerio de Transportes | Surety & Letters of Credit-Beneficiaries |
| Direccion General de Aerocivil Honduras (AHAC) | Surety & Letters of Credit-Beneficiaries |
| Direccion General de Aviacion - Ecuador | Surety & Letters of Credit-Beneficiaries |
| Florida Fuel or Pollutants Tax Surety Bond | Surety & Letters of Credit-Beneficiaries |
| Fukuoka Road Co. LTD (SMBC N630NK-MSN 6304) | Surety & Letters of Credit-Beneficiaries |
| Gemstone Delaware 4 LLC c/o Sirius Aviation Capital Holdings | Surety & Letters of Credit-Beneficiaries |
| Hanover New York Liquor Authority | Surety & Letters of Credit-Beneficiaries |
| Horry County Department of Airports | Surety & Letters of Credit-Beneficiaries |
| John Wayne Airport (SNA), Orange County | Surety & Letters of Credit-Beneficiaries |
| Kinder Morgan (and/or) CALNEV Pipeline LLC | Surety & Letters of Credit-Beneficiaries |
| Maryland Fuel Tax | Surety & Letters of Credit-Beneficiaries |
| Massachusetts Port Authority | Surety & Letters of Credit-Beneficiaries |
| MBJ Airports Limited | Surety & Letters of Credit-Beneficiaries |
| Memphis-Shelby County Airport Authority | Surety & Letters of Credit-Beneficiaries |
| Miami Dade Aviation Department | Surety & Letters of Credit-Beneficiaries |
| Miami Dade Aviation Department - Facilities | Surety & Letters of Credit-Beneficiaries |
| National Union/Chartis (Workers Comp 2013) | Surety & Letters of Credit-Beneficiaries |
| Navigator Aviation Delaware 3 (DAE_N605NK-MSN 4548) | Surety & Letters of Credit-Beneficiaries |
| Navigator Aviation Delaware 3 (DAE_N617NK-MSN 5387) | Surety & Letters of Credit-Beneficiaries |
| New Orleans Aviation Board | Surety & Letters of Credit-Beneficiaries |
| North Carolina Fuel Tax | Surety & Letters of Credit-Beneficiaries |
| Oakland Airport | Surety & Letters of Credit-Beneficiaries |
| ORIX (owner: Ikehara Kanou) N609NK/MSN 4951 | Surety & Letters of Credit-Beneficiaries |
| PAC Kingston Airport Limited | Surety & Letters of Credit-Beneficiaries |
| Raleigh-Durham International Airport | Surety & Letters of Credit-Beneficiaries |
| Reno-Tahoe Airport | Surety & Letters of Credit-Beneficiaries |
| Salt Lake City Corporation | Surety & Letters of Credit-Beneficiaries |
| San Antonio International Airport | Surety & Letters of Credit-Beneficiaries |
| San Jose International Airport | Surety & Letters of Credit-Beneficiaries |
| SFV Aircraft Holdings US 2 LLC (N636NK_MSN6424) | Surety & Letters of Credit-Beneficiaries |
| Sheltair Aviation Center, LLC | Surety & Letters of Credit-Beneficiaries |
| SMBC Aviation Capital Limited (SMBC N625NK_MSN 5954) | Surety & Letters of Credit-Beneficiaries |
| St. Louis Lambert Intl Airport (STL) | Surety & Letters of Credit-Beneficiaries |
| Tennessee Dept of Revenue (Nashville) | Surety & Letters of Credit-Beneficiaries |
| The Port Authority of New York & New Jersey | Surety & Letters of Credit-Beneficiaries |
| The Puerto Rico Ports Authority | Surety & Letters of Credit-Beneficiaries |
| The State of Austin, Texas | Surety & Letters of Credit-Beneficiaries |

| Party-in-Interest | Relationship to Debtor |
|---|---|
| UMB Bank (Carlyle N535NK_MSN 4403) | Surety & Letters of Credit-Beneficiaries |
| US Customs and Border Protection - USCBP | Surety & Letters of Credit-Beneficiaries |
| Utah Department of Alcoholic Beverage Control | Surety & Letters of Credit-Beneficiaries |
| Valero Marketing and Supply Company | Surety & Letters of Credit-Beneficiaries |
| Wells Fargo (Avolon N620NK_MSN 5624) | Surety & Letters of Credit-Beneficiaries |
| Wells Fargo (Stratos N619NK_MSN 5517) | Surety & Letters of Credit-Beneficiaries |
| BAC International Bank, Inc. | Surety & Letters of Credit-Issuers |
| JMalucelli | Surety & Letters of Credit-Issuers |
| Mapfre-La Centro Americana | Surety & Letters of Credit-Issuers |
| Sweaden Compania de Seguros S.A. | Surety & Letters of Credit-Issuers |
| Aerodom | Taxing Authority/Governmental/Regulatory Agencies |
| Aeropuerto De Cancun S.A. De C.V | Taxing Authority/Governmental/Regulatory Agencies |
| Aerostar Airports Holdings | Taxing Authority/Governmental/Regulatory Agencies |
| Air Transport Association | Taxing Authority/Governmental/Regulatory Agencies |
| Airplan | Taxing Authority/Governmental/Regulatory Agencies |
| Akron - Canton Airport | Taxing Authority/Governmental/Regulatory Agencies |
| Allied Universal | Taxing Authority/Governmental/Regulatory Agencies |
| Arizona Dept. Of Environmental Qual | Taxing Authority/Governmental/Regulatory Agencies |
| Arkansas Auditor of State | Taxing Authority/Governmental/Regulatory Agencies |
| Atlanta Airlines Terminal Corp | Taxing Authority/Governmental/Regulatory Agencies |
| Atlanta Dept Of Aviation (Pfc) | Taxing Authority/Governmental/Regulatory Agencies |
| Avenger Flight Group LLC | Taxing Authority/Governmental/Regulatory Agencies |
| Aviam | Taxing Authority/Governmental/Regulatory Agencies |
| Banco De Costa Rica | Taxing Authority/Governmental/Regulatory Agencies |
| Bancredito | Taxing Authority/Governmental/Regulatory Agencies |
| Broward County Chamber | Taxing Authority/Governmental/Regulatory Agencies |
| Broward Cty Aviation Dept | Taxing Authority/Governmental/Regulatory Agencies |
| Broward Cty Aviation Pfc | Taxing Authority/Governmental/Regulatory Agencies |
| Bureau Of Revenue And Taxation | Taxing Authority/Governmental/Regulatory Agencies |
| Chicago Department of Finance | Taxing Authority/Governmental/Regulatory Agencies |
| City Of Atlanta Department Of Aviat | Taxing Authority/Governmental/Regulatory Agencies |
| City Of Charlotte | Taxing Authority/Governmental/Regulatory Agencies |
| City Of Chicago Dept. Of Aviation | Taxing Authority/Governmental/Regulatory Agencies |
| City Of Chicago Pfc | Taxing Authority/Governmental/Regulatory Agencies |
| City of College Park | Taxing Authority/Governmental/Regulatory Agencies |
| City of Doral | Taxing Authority/Governmental/Regulatory Agencies |
| City Of Los Angeles | Taxing Authority/Governmental/Regulatory Agencies |
| City Of Los Angeles Pfc | Taxing Authority/Governmental/Regulatory Agencies |
| City Of Philadelphia | Taxing Authority/Governmental/Regulatory Agencies |
| City Of Philadelphia - Pfc | Taxing Authority/Governmental/Regulatory Agencies |
| Clark County Dept Of Aviation | Taxing Authority/Governmental/Regulatory Agencies |
| Clinton County Treasurer-Pfc | Taxing Authority/Governmental/Regulatory Agencies |
| Collector Of Customs - Jam | Taxing Authority/Governmental/Regulatory Agencies |
| Collector Of Customs -Airports, Jamaica | Taxing Authority/Governmental/Regulatory Agencies |
| Collector Of Taxes, Haiti | Taxing Authority/Governmental/Regulatory Agencies |
| Colorado State Treasury | Taxing Authority/Governmental/Regulatory Agencies |
| Commisioner Of Revenue Services | Taxing Authority/Governmental/Regulatory Agencies |

| Party-in-Interest | Relationship to Debtor |
|---|---|
| Commonwealth of Pennsylvania | Taxing Authority/Governmental/Regulatory Agencies |
| Cook Country Depart Of Revenue | Taxing Authority/Governmental/Regulatory Agencies |
| Dallas County Tax Office | Taxing Authority/Governmental/Regulatory Agencies |
| Dallas Fort Worth Intnl - Pfc | Taxing Authority/Governmental/Regulatory Agencies |
| Dallas/Fort Worth Int. Airport | Taxing Authority/Governmental/Regulatory Agencies |
| Delaware State Escheator | Taxing Authority/Governmental/Regulatory Agencies |
| Dept Of Consumer Affairs | Taxing Authority/Governmental/Regulatory Agencies |
| Dept Of Lic & Consumer St Croix | Taxing Authority/Governmental/Regulatory Agencies |
| Detroit Metropolitan - Pfc | Taxing Authority/Governmental/Regulatory Agencies |
| Direccion/Colector De Impuestos Int | Taxing Authority/Governmental/Regulatory Agencies |
| Doug Belden, Tax Collector | Taxing Authority/Governmental/Regulatory Agencies |
| Fideicomiso Opain Sa | Taxing Authority/Governmental/Regulatory Agencies |
| Fl Dept Of Environmental Protection | Taxing Authority/Governmental/Regulatory Agencies |
| Fl Dept. Agriculture & Consumer Srv | Taxing Authority/Governmental/Regulatory Agencies |
| Florida Dept Of Transportation | Taxing Authority/Governmental/Regulatory Agencies |
| Government of The Virgin Island | Taxing Authority/Governmental/Regulatory Agencies |
| Gtr Orlando Aviation Auth.- Pfc | Taxing Authority/Governmental/Regulatory Agencies |
| Gtr Orlando Aviation Authority | Taxing Authority/Governmental/Regulatory Agencies |
| Iah/George Bush Intercontinental - | Taxing Authority/Governmental/Regulatory Agencies |
| Iata Empresa Hondurena De Infraestr | Taxing Authority/Governmental/Regulatory Agencies |
| Iata/Palmerola Internatnl Arprt, | Taxing Authority/Governmental/Regulatory Agencies |
| Inguat/Instituto Guatemalteco De Tu | Taxing Authority/Governmental/Regulatory Agencies |
| Instituto Dominicano De Aviacion Ci | Taxing Authority/Governmental/Regulatory Agencies |
| Iowa Department of Treasury | Taxing Authority/Governmental/Regulatory Agencies |
| Jacksonville Aviation Pfc'S | Taxing Authority/Governmental/Regulatory Agencies |
| Kansas State Treasurer | Taxing Authority/Governmental/Regulatory Agencies |
| Kent County Dept Of Aeronautics | Taxing Authority/Governmental/Regulatory Agencies |
| Las Vegas Dept Of Aviation-Pfc | Taxing Authority/Governmental/Regulatory Agencies |
| Manager Of Finance, CO | Taxing Authority/Governmental/Regulatory Agencies |
| Manager Of Finance, TX | Taxing Authority/Governmental/Regulatory Agencies |
| Marion County Treasurer | Taxing Authority/Governmental/Regulatory Agencies |
| Maryland Aviation Admin - Pfc | Taxing Authority/Governmental/Regulatory Agencies |
| Metro Washington Airport Auth- Pfc | Taxing Authority/Governmental/Regulatory Agencies |
| Miami-Dade Aviation Dept. Pfc | Taxing Authority/Governmental/Regulatory Agencies |
| Miami-Dade County Finance Dept | Taxing Authority/Governmental/Regulatory Agencies |
| Ministere De Finances Et De, Haiti | Taxing Authority/Governmental/Regulatory Agencies |
| Ministerio De Comercio | Taxing Authority/Governmental/Regulatory Agencies |
| Minnesota Dept. Of Public Safety Director Alcohol & Gambling Enfo | Taxing Authority/Governmental/Regulatory Agencies |
| Myrtle Beach/Horry Dept Of Airport | Taxing Authority/Governmental/Regulatory Agencies |
| Nc Office of The State Treasurer | Taxing Authority/Governmental/Regulatory Agencies |
| Nevada Department Of Taxation | Taxing Authority/Governmental/Regulatory Agencies |
| New York State Department | Taxing Authority/Governmental/Regulatory Agencies |
| Niagara Frontier Transport. - Pfc | Taxing Authority/Governmental/Regulatory Agencies |
| Nj Dept Of Revenue | Taxing Authority/Governmental/Regulatory Agencies |
| Nys Unemployment Insurance | Taxing Authority/Governmental/Regulatory Agencies |
| Office of The Indiana Attorney Gene | Taxing Authority/Governmental/Regulatory Agencies |
| Office of West Virginia State Treas | Taxing Authority/Governmental/Regulatory Agencies |

| Party-in-Interest | Relationship to Debtor |
|---|---|
| Pa Dept Of Revenue | Taxing Authority/Governmental/Regulatory Agencies |
| Palm Beach Int'L Airport Pfc | Taxing Authority/Governmental/Regulatory Agencies |
| Pfc Greater Asheville Regional | Taxing Authority/Governmental/Regulatory Agencies |
| Philadelphia Terminal & Equipment C | Taxing Authority/Governmental/Regulatory Agencies |
| Piedmont Triad Airport Auth Pfcs | Taxing Authority/Governmental/Regulatory Agencies |
| Port Authority ( Pfc Only ) | Taxing Authority/Governmental/Regulatory Agencies |
| Port Authority (Ewr Pfc Only) | Taxing Authority/Governmental/Regulatory Agencies |
| Port Authority Of Ny & Nj | Taxing Authority/Governmental/Regulatory Agencies |
| Port Of Oakland | Taxing Authority/Governmental/Regulatory Agencies |
| Reno-Tahoe Airport Authority | Taxing Authority/Governmental/Regulatory Agencies |
| Ron Wright, Tax Assessor | Taxing Authority/Governmental/Regulatory Agencies |
| San Diego County Regional Arprt Aut | Taxing Authority/Governmental/Regulatory Agencies |
| Seneam/Servicio De Adm Tribut | Taxing Authority/Governmental/Regulatory Agencies |
| Sheila L. Palmer, Collector, Missouri | Taxing Authority/Governmental/Regulatory Agencies |
| St. Louis County Collector | Taxing Authority/Governmental/Regulatory Agencies |
| State of New Jersey - Dept of Commu | Taxing Authority/Governmental/Regulatory Agencies |
| Superintendencia Adm. Tributaria | Taxing Authority/Governmental/Regulatory Agencies |
| Tbi Airport Management, Inc. | Taxing Authority/Governmental/Regulatory Agencies |
| Tennessee Department of Treasury | Taxing Authority/Governmental/Regulatory Agencies |
| Tesoro Nacional - Aerocivil Aeronau | Taxing Authority/Governmental/Regulatory Agencies |
| Tesoro Nacional - Pty | Taxing Authority/Governmental/Regulatory Agencies |
| Tocumen International Airport | Taxing Authority/Governmental/Regulatory Agencies |
| Treas Nyc | Taxing Authority/Governmental/Regulatory Agencies |
| Treasurer State of Connecticut | Taxing Authority/Governmental/Regulatory Agencies |
| Tresor Publique/Redevances | Taxing Authority/Governmental/Regulatory Agencies |
| U.S Dept Of Homeland Security | Taxing Authority/Governmental/Regulatory Agencies |
| United States Treasury | Taxing Authority/Governmental/Regulatory Agencies |
| Us Customs And Border Protection | Taxing Authority/Governmental/Regulatory Agencies |
| Us Dept. Of Homeland Security | Taxing Authority/Governmental/Regulatory Agencies |
| Usda, Aphis, Rot | Taxing Authority/Governmental/Regulatory Agencies |
| Washington State Dept Of Labor & | Taxing Authority/Governmental/Regulatory Agencies |
| Wayne County Dept. Of Airports | Taxing Authority/Governmental/Regulatory Agencies |
| West Virginia State Tax Dept | Taxing Authority/Governmental/Regulatory Agencies |
| World Fuel Services, Inc. | Taxing Authority/Governmental/Regulatory Agencies |
| World Fuel/Spire Flight Solutions | Taxing Authority/Governmental/Regulatory Agencies |
| Allen, Joseph W. | U.S. Trustee Office |
| Black, Christine H. | U.S. Trustee Office |
| Champion, Erin | U.S. Trustee Office |
| Harrington, William K. | U.S. Trustee Office |
| Martin, Marylou | U.S. Trustee Office |
| Penpraze, Lisa M. | U.S. Trustee Office |
| Riffkin, Linda A. | U.S. Trustee Office |
| Schmitt, Kathleen Dunivin | U.S. Trustee Office |
| Association of Flight Attendants-CWA, AFL-CIO | Unions |
| The Air Line Pilots Association, International | Unions |
| The International Association of Machinists and Aerospace Workers | Unions |
| The Professional Airline Flight Control Association | Unions |

| Party-in-Interest | Relationship to Debtor |
|---|---|
| Transport Workers Union of America | Unions |
| Hillsborough County Aviation Auth | Utilities |
| Houston Airport System | Utilities |
| Level 3 Communications LLC | Utilities |
| Maryland Aviation Administration | Utilities |
| Masergy Communications | Utilities |
| Miami-Dade County Florida | Utilities |
| New Orleans Aviation Bd | Utilities |
| Sita | Utilities |
| Verizon Wireless | Utilities |
| Waste Management of Penn, Inc | Utilities |
| Aar Aircraft Services | Vendors |
| Aaset 2022-1 Limited | Vendors |
| Accipiter Investments Aircraft 2 Li | Vendors |
| Ace American Insurance Company | Vendors |
| Acro Aircraft Seating Ltd | Vendors |
| Aeg Fuels Mexico S.A.P.I. De C.V. | Vendors |
| Aercap Global Aviation Trust 902/4/ | Vendors |
| Aercap N901Nk (Formally Ilfc) | Vendors |
| Aercap/Celtago Funding Ltd 903Nk | Vendors |
| Aero 1 Aircraft Support LLC. | Vendors |
| Aersale, Inc. | Vendors |
| Aetna Us Healthcare-Dental Dmo | Vendors |
| Agi Ground, Inc | Vendors |
| Air Lease Corporation (La) | Vendors |
| Airbus North America Customer Servi | Vendors |
| Aircastle Advisor LLC | Vendors |
| Airline Pilots Association | Vendors |
| Associated Energy Group | Vendors |
| Automatic Data Processing (ADP) | Vendors |
| Avfuel Corporation | Vendors |
| Aviation Capital Group LLC | Vendors |
| Avis Budget Group, Inc. | Vendors |
| Avolon Aerospace (Ireland) Aoe 30 | Vendors |
| Bagcentral | Vendors |
| Bf Aerospace 1010593A | Vendors |
| Bp Products North America, Inc | Vendors |
| Brasfield & Gorrie, LLC | Vendors |
| Budget Rent A Car System, Inc | Vendors |
| C3 Customer Contact Channels | Vendors |
| Cae Flight Services Usa | Vendors |
| Cdw Computer Centers, Inc. | Vendors |
| Certified Aviation Services LLC | Vendors |
| Cfe And Associates | Vendors |
| Charles Schwab Bank | Vendors |
| Charles Tombras Advertising, Inc | Vendors |
| Chevron Products Company | Vendors |

| Party-in-Interest | Relationship to Debtor |
|---|---|
| Cit Group/Equipment | Vendors |
| Coforge, Inc. | Vendors |
| Converge Technology Solutions Us, L | Vendors |
| Convergint | Vendors |
| Cramer-Krasselt | Vendors |
| Dal Global Services, Inc. | Vendors |
| Diehl Aerospace, Inc 1000134A | Vendors |
| Direct Airline Services | Vendors |
| Dollar Thrifty Car Rental | Vendors |
| Empire Office, Inc | Vendors |
| Engine Lease Finance Corp | Vendors |
| Epic Aviation LLC | Vendors |
| Equilon Ent. Dba Shell Oil Products | Vendors |
| Erc Cci Limited | Vendors |
| Eurest Dining Services | Vendors |
| Express Scripts Inc | Vendors |
| F & E Aircraft Maintenance LLC | Vendors |
| Federal Express Corporation | Vendors |
| Fgl Aircraft Usa Inc. | Vendors |
| First Kontact Bpo Dba Advantage | Vendors |
| Fort Lauderdale Fuel Facilites LLC | Vendors |
| Fsm Group LLC-Orlando | Vendors |
| G2 Secure Staff, LLC | Vendors |
| Gat Airline Ground Support | Vendors |
| Gen2 Systems Limited | Vendors |
| Ground Motive Dependable | Vendors |
| Gse America LLC 1011215A | Vendors |
| Haeco Americas Airframe Srvc | Vendors |
| Haeco Cabin Solutions, LLC | Vendors |
| Heico Aerospace Corporation | Vendors |
| Home Serv Delivery, LLC | Vendors |
| Honeywell International Sarl | Vendors |
| Hookers Point Fuel Facilities LLC | Vendors |
| Husky Marketing And Supply Company | Vendors |
| International Aero Engines Ag 10001 | Vendors |
| International Aero Engines LLC | Vendors |
| Jsa International Us Holdings, LLC | Vendors |
| Keystone 9 Limited | Vendors |
| Kyndryl, Inc. | Vendors |
| Laxfuel Corporation | Vendors |
| Levarti Limited | Vendors |
| Liebherr Aerospace Saline Inc | Vendors |
| Lockton Companies | Vendors |
| Lufthansa Technik | Vendors |
| Marathon Petroleum Company Lp | Vendors |
| Maximus Global Services LLC | Vendors |
| Menzies Aviation (Asig) | Vendors |

| Party-in-Interest | Relationship to Debtor |
|---|---|
| Merx Aviation Dba Appolo Navigator | Vendors |
| Messier-Goodrich | Vendors |
| Michelin Aircraft Tire Co., LLC | Vendors |
| Microsoft Licensing, Gp | Vendors |
| Mro Commercial, S.A | Vendors |
| Mtu Maintenance Canada | Vendors |
| Navigator Aviation Dac | Vendors |
| Navitaire, Inc. | Vendors |
| Nexgen Aero 1000245A | Vendors |
| Odp Business Solutions LLC | Vendors |
| One Diversified, LLC | Vendors |
| Optum Bank Inc | Vendors |
| Orix Aviation | Vendors |
| Pbf Holding Company LLC | Vendors |
| Perimeter Logistics Inc | Vendors |
| Phillips 66 Company | Vendors |
| Prime Flight Aviation Svcs/Gse | Vendors |
| Prosegur Services Group, Inc. | Vendors |
| Prospect Airport Services, Inc | Vendors |
| Puma Energy (Aviation) S.A. | Vendors |
| Quiq, Inc. | Vendors |
| Rohr, Inc. 1000282A | Vendors |
| Sabre, Inc. | Vendors |
| Safran Landing Systems (Sas) | Vendors |
| Safran Landing Systems Services Mx | Vendors |
| Satair 1000289A | Vendors |
| Sfvi Aircraft Holdings Us 1 LLC | Vendors |
| Sim International B.V. | Vendors |
| Sky High 132 Leasing Co /Icbc | Vendors |
| Sky High 136 Leasing Company Lmited | Vendors |
| Smbc Aviation Capital Ltd | Vendors |
| Star Aviation, Inc. 1010982A | Vendors |
| Swissport Sa Fuel Services, LLC | Vendors |
| Swissport Usa Inc | Vendors |
| Ta Connections De & Il, LLC | Vendors |
| Talento Inc | Vendors |
| Team Jas Inc. | Vendors |
| Terpel Exportaciones Ci Sas | Vendors |
| Textron Gse Inc. | Vendors |
| Thrifty Car Rental | Vendors |
| Total Airport Services | Vendors |
| Total Energies Marketing Usa, Inc. | Vendors |
| Total Jamaica Limited 1000120A | Vendors |
| United Health Care Admin Fee | Vendors |
| United Healthcare Services | Vendors |
| Unum Life Insurance Company Of Amer | Vendors |
| Valero Marketing And Supply Company | Vendors |

| Party-in-Interest | Relationship to Debtor |
|---|---|
| Worldwide Flight Services | Vendors |
| Xtreme Aviation LLC | Vendors |
| Zulu Technologies, LLC | Vendors |

**Schedule 2**

**Client Match List**

| NAME | RELATIONSHIP TO DEBTORS |
|------|--------------------------|
| American Airlines | Significant Competitors |
| Automatic Data Processing | Vendors |
| Delta Air Lines | Significant Competitors |
| Frontier Airlines | Significant Competitors |
| Hawaiian Airlines | Significant Competitors |
| U.S. Bank | Banks/Lender |