DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Christopher S. Robertson
Moshe Melcer

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SPIRIT AIRLINES, INC.,** | **Case No. 24-11988 (SHL)** |
| **Debtor.**[1] | |

## NOTICE OF HEARING AND REQUEST FOR CONFERENCE

**PLEASE TAKE NOTICE** that, on November 18, 2024, the above-captioned debtor and debtor in possession (the "**Debtor**") filed the *Motion of the Debtor for Entry of an Order Authorizing the Debtor to Assume and Perform Under an Aircraft Sale Agreement with G.A. Telesis LLC (including, without limitation, Selling Aircraft Free and Clear of Encumbrances)* [ECF No. 23] (the "**Assumption Motion**") and the *Motion of the Debtor for Entry of an Order Authorizing the Filing of Certain Commercially Sensitive Information Under Seal* [ECF No. 17] (the "**Sealing Motion**" and, together with the Assumption Motion, the "**Motions**").

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "**Hearing**") has been scheduled for **2:00 p.m.**[2] **on November 25, 2024** before the Honorable Sean H. Lane, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), to consider the relief requested in the Assumption Motion (on an interim basis, to the extent related to the Initial Aircraft, as defined in the Assumption Motion) and the Sealing Motion.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted via Zoom for Government. Parties wishing to appear at or attend the Hearing (whether "live" or "listen only") are required to register their appearance at https://ecf.nysb.uscourts.gov/cgi-

---

[1] The last four digits of the Debtor's employer identification number is 7023. The Debtor's mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2] All times herein are expressed in prevailing Eastern Time.

bin/nysbAppearances.pl by **4:00 p.m. on November 22, 2024**. Instructions and additional information about the Court's remote attendance procedures can be found at https://www.nysb.uscourts.gov/ecourt-appearances. The Court will circulate by email the Zoom link to the Hearing to those parties who properly made an electronic appearance prior to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time by an announcement of the adjourned date or dates at the Hearing or a later hearing or by filing a notice with the Court.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the relief requested at the Hearing shall be (a) in writing, in English, and in text-searchable format, (b) filed with the Court electronically, and (c) served on the Debtor and the Notice Parties (as defined in the Assumption Motion) so as to be received no later than **5:00 p.m. on November 22, 2024** (the "Objection Deadline"), in each case, in accordance with the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the Court's Chambers' Rules (available at https://www.nysb.uscourts.gov/content/judge-sean-h-lane), to the extent applicable.

**PLEASE TAKE FURTHER NOTICE** that all objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that, if no responses or objections are timely filed and served with respect to the Motions, the Debtor may, on or after the Objection Deadline, submit to the Court orders, substantially in the forms of the proposed orders attached to the Motions, under certification of counsel or certification of no objection, which orders may be entered by the Court without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, on November 18, 2024, the Debtor and certain other parties entered into that certain restructuring support agreement (the "**RSA**") attached as Exhibit B to the *Declaration of Fred Cromer in Support of the Chapter 11 Proceedings and First Day Pleadings* [ECF No. 2] (the "**First Day Declaration**"). Reference is made to the *Joint Chapter 11 Plan of Reorganization of Spirit Airlines, Inc. and its Debtor Affiliates* attached to the RSA as Exhibit A (including all appendices, exhibits, schedules, and supplements, and as altered, amended, supplemented, or otherwise modified from time to time in accordance therewith, the "**Plan**").[3]

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Court's *Procedural Guidelines for Combined Disclosure Statement and Chapter 11 Plan, Combined Hearings on Approval of Disclosure Statement and Confirmation of Chapter 11 Plan, and Conditional Approval of Disclosure Statement* dated May 31, 2024 (as adopted by General Order M-634) ("**General Order M-634**"),[4] the Debtor requests a conference to be held at the Hearing, in accordance with paragraph (c) of General Order M-634, to discuss the Debtor's intent to file a

---

[3] Capitalized terms used but not otherwise defined herein shall have the meaning scribed to them in the Plan.

[4] Available at https://www.nysb.uscourts.gov/sites/default/files/m634.pdf.

2

motion (the "**Scheduling Motion**") seeking conditional approval of the Disclosure Statement, the scheduling of a joint hearing to consider final approval of the Disclosure Statement and Confirmation of the Plan, and approval of the related solicitation and tabulation procedures.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with paragraph (c)(i) of General Order M-634, the Debtor states as follows:

- The Debtor intends to file the Scheduling Motion so that it can proceed to confirm and consummate the Plan and the transactions contemplated thereby as expeditiously as possible and to minimize time in chapter 11. The Plan already has the requisite support for confirmation from the Voting Classes, the majority of which are Consenting Stakeholders under the RSA who negotiated the terms of the Plan. The Plan impairs no Classes of Claims or Interests except for (i) Class 4 (Senior Secured Notes Claims), for which more than 78% of Claims by amount are Consenting Stakeholders under the RSA, (ii) Class 5 (Convertible Notes Claims), for which more than 84% of Claims by amount are Consenting Stakeholders under the RSA, and (iii) Class 10 (Existing Interests), which would receive no distribution and is deemed to reject the Plan.

- The Debtor intends to seek Plan confirmation under section 1129(b) of the Bankruptcy Code since, as a technical matter, Class 10 (Existing Interests) is Impaired and deemed to reject the Plan. *See* Plan, Art. III.A.10.

- The Plan contemplates that the Debtor will distribute Opt-Out Forms to the Unimpaired Non-Voting Classes, so that they can opt out of certain third-party release provisions or consent to such provisions by not returning such form or objecting to confirmation of the Plan. *See* Plan, Art. VIII.F. The Plan does ***not*** seek the non-consensual release or injunction of any right or claim of any party in interest against any non-Debtor party.

- The Plan does ***not*** seek to make treatment dependent on how anyone votes on the Plan (*i.e.*, death trap).

- The Plan contains customary releases for the Debtors and their Related Parties (certain of which are "insiders" as defined in the Bankruptcy Code). *See* Plan, Art. VIII.F–G.

- The Debtor does ***not*** presently intend to seek to expedite or limit the solicitation period for the Plan or the notice periods to consider final approval of the Disclosure Statement or confirmation of the Plan.

- The Debtor intends, through the Scheduling Motion, to obtain the Court's conditional approval of the proposed Disclosure Statement before serving it on the Voting Classes, soliciting votes on the plan, and serving notice of the Combined Hearing.

3

**PLEASE TAKE FURTHER NOTICE** that, in accordance with paragraph (c)(ii) of General Order M-634, the Court may, in its discretion, determine not to hold the requested conference and instead authorize the Debtor to file the Scheduling Motion.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motions, the First Day Declaration (including the Plan), or any other document filed publicly in the Chapter 11 Case are available free of charge at https://dm.epiq11.com/SpiritGoForward.

Dated: November 19, 2024
New York, New York

DAVIS POLK & WARDWELL LLP

By:    */s/ Darren S. Klein*

450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Christopher S. Robertson
Moshe Melcer

*Proposed Counsel to the Debtor and Debtor in Possession*