**Hearing Date and Time: 11:00 a.m.[1] on December 17, 2024**
**Objection Deadline: 4:00 p.m. on December 10, 2024**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Christopher S. Robertson
Moshe Melcer

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SPIRIT AIRLINES, INC.**, *et al.*, | Case No. 24-11988 (SHL) |
| Debtors.[2] | Jointly Administered |

**NOTICE OF HEARING ON APPLICATION OF THE DEBTORS FOR ENTRY
OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
DAVIS POLK & WARDWELL LLP AS ATTORNEYS FOR THE DEBTORS
*NUNC PRO TUNC* TO THE PETITION DATE**

  **PLEASE TAKE NOTICE** that, on December 3, 2024, the above-captioned debtors and debtors in possession (the "**Debtors**") filed the *Application of the Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* (the "**Application**").

  **PLEASE TAKE FURTHER NOTICE** that a hearing (the "**Hearing**") has been scheduled for **11:00 a.m. on December 17, 2024**, before the Honorable Sean H. Lane, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), to consider the relief requested in the Application.

  **PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted via Zoom for Government.  Parties wishing to appear at or attend the Hearing (whether "live" or "listen only")

---

[1]  All times herein are expressed in prevailing Eastern Time.

[2]  The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Airlines, Inc. (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752).  The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

are required to register their appearance at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl by **4:00 p.m. on December 16, 2024**. Instructions and additional information about the Court's remote attendance procedures can be found at https://www.nysb.uscourts.gov/ecourt-appearances. The Court will circulate by email the Zoom link to the Hearing to those parties who properly made an electronic appearance prior to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time by an announcement of the adjourned date or dates at the Hearing or a later hearing or by filing a notice with the Court.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the relief requested at the Hearing shall be (a) in writing, in English, and in text-searchable format, (b) filed with the Court electronically, and (c) served on the Debtors and the Notice Parties (as defined in the Motion) so as to be received no later than **4:00 p.m. on December 10, 2024** (the "**Objection Deadline**"), in each case, in accordance with the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the Court's Chambers' Rules (available at https://www.nysb.uscourts.gov/content/judge-sean-h-lane), to the extent applicable.

**PLEASE TAKE FURTHER NOTICE** that all objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that, if no responses or objections are timely filed and served with respect to the Application, the Debtors may, on or after the Objection Deadline, submit to the Court an order, substantially in the form of the proposed order attached to the Application, under certification of counsel or certification of no objection, which order may be entered by the Court without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and any other document filed publicly in the above-captioned proceedings are available free of charge at https://dm.epiq11.com/SpiritGoForward.

Dated:   December 3, 2024
         New York, New York

DAVIS POLK & WARDWELL LLP

By:      */s/ Darren S. Klein* _____
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Christopher S. Robertson
Moshe Melcer

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SPIRIT AIRLINES, INC., et al.,<br><br>Debtors.[3] | Chapter 11<br><br>Case No. 24-11988 (SHL)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**December 17, 2024 at 11:00 a.m.**<br><br>**Objection Deadline:**<br>**December 10, 2024 at 4:00 p.m.** |

**APPLICATION OF THE DEBTORS FOR AUTHORITY TO
EMPLOY AND RETAIN DAVIS POLK & WARDWELL LLP AS
ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Spirit Airlines, Inc. ("**Spirit Parent**")[4] and its subsidiaries (collectively, the "**Cayman Subsidiaries**" and, together with Spirit Parent, the "**Debtors**," "**Spirit**," or the "**Company**") that are debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Application of the Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* (this "**Application**"). This Application is supported by the (a) *Declaration of Marshall S. Huebner in Support of the Application of the Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* (the "**Huebner Declaration**") and (b) *Declaration of Fred Cromer in Support of the Application of the Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* (the "**Cromer Declaration**"), attached hereto as **Exhibit A**

---

[3] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Spirit Airlines, Inc. (7023), Spirit Finance Cayman 1, Ltd. (7020), Spirit Finance Cayman 2, Ltd. (7362), Spirit IP Cayman Ltd. (4732), and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[4] Capitalized terms used but not immediately or otherwise defined herein shall have the meanings ascribed to them elsewhere herein or in the *Declaration of Fred Cromer in Support of the Chapter 11 Proceedings and First Day Pleadings* [ECF No. 2] (the "**First Day Declaration**").

and **Exhibit B**, respectively, and incorporated herein by reference. In further support of this Application, the Debtors respectfully state as follows:

**Relief Requested**

1.      By this Application, and pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit C** (the "**Proposed Order**"), authorizing the Debtors to employ and retain Davis Polk & Wardwell LLP ("**Davis Polk**") as their restructuring counsel *nunc pro tunc* to the Petition Date (as defined below) to perform the legal services that will be required during the Chapter 11 Cases. The Debtors request that the Court (as defined below) approve the employment and retention of Davis Polk under the terms and conditions set forth in this Application, as more fully described in the Huebner Declaration and the Cromer Declaration.[5]

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this

---

[5]      The Debtor is also seeking Court authority to employ and retain (i) Debevoise & Plimpton LLP ("**Debevoise**") as fleet counsel and (ii) Morris, Nichols, Arsht & Tunnell LLP ("**Morris Nichols**") as conflicts counsel, each in connection with the Chapter 11 Cases. It is intended that the services of Debevoise and Morris Nichols shall complement and not duplicate the services to be rendered by Davis Polk. The Debtors, Davis Polk, Debevoise and Morris Nichols are mindful of the need to avoid duplication of services and appropriate procedures will be implemented to ensure that there is no such duplication.

2

Motion.  Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

4.      On November 18, 2024, Debtor Spirit Airlines, Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On November 25, 2024, Spirit Airlines, Inc.'s subsidiaries filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[6]  The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), as ordered by the Court [ECF No. 121].

5.      On November 29, 2024, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 133].  No request has been made for the appointment of a trustee or examiner.

6.      Spirit is a leading commercial airline committed to delivering value to its guests by offering an enhanced travel experience with flexible, affordable options.  Spirit employs over 21,000 direct employees and independent contractors, and serves destinations throughout the United States, Latin America, and the Caribbean with one of the youngest and most fuel-efficient fleets in the United States.

7.      Spirit commenced the Chapter 11 Cases to implement a comprehensive financial restructuring that, once effectuated, will eliminate approximately $800 million of prepetition

---

[6] As used herein, "**Petition Date**" refers to the date of commencement of the Chapter 11 Cases with respect to the applicable Debtor.

funded debt and provide the company with $350 million of new equity capital upon emergence. The terms of the proposed restructuring are set forth in a restructuring support agreement (the "**RSA**") among Spirit and the Consenting Stakeholders who, as of November 26, 2024, collectively hold approximately 95% of the debt to be restructured under the Plan, and over two thirds in amount of each of the Voting Classes. This deleveraging and recapitalization is designed to increase Spirit's financial flexibility and fuel the Company's ongoing initiatives to provide its Guests with enhanced travel experiences and greater value. Importantly, the transactions memorialized in the RSA contemplate that Allowed Priority Claims and General Unsecured Claims against the Debtors will be paid in full or otherwise remain unimpaired (*i.e.*, "ride through" the Chapter 11 Cases). The Debtors filed the Plan [ECF No. 113] and Disclosure Statement [ECF No. 114] on November 26, 2024.

8.      Additional information about the events leading up to the Petition Date, the RSA, and the Debtors' businesses, affairs, capital structure, and prepetition indebtedness can be found in the First Day Declaration.

### **Davis Polk's Qualifications**

9.      The Debtors selected Davis Polk as its restructuring counsel because of the firm's extensive experience and knowledge in bankruptcy and restructuring work, as well as in broader corporate transactional and litigation work. Davis Polk has been actively involved in a wide variety of major chapter 11 cases, including: *In re Big Lots, Inc., et al.,* No. 24-11967 (JKS) (Bankr. D. Del. Sept. 9. 2024); *In re Wheel Pros, LLC*, No. 24-11939 (JTD) (Bankr. D. Del. Sept. 8, 2024); *In re Lumio Holdings, Inc.*, No. 24-11916 (JKS) (Bankr. D. Del. Sept. 3, 2024); *In re AIO US, Inc.*, No. 24-11836 (CTG) (Bankr. D. Del. Aug. 12, 2024); *In re Fisker Inc.*, No. 24-11390 (TMH) (Bankr. D. Del. June 17, 2024); *In re ConvergeOne Holdings, Inc.*, No. 24-90194 (CML) (Bankr.

S.D. Tex. Apr. 4, 2024); *In re Airspan Networks Holdings Inc.*, No. 24-10621 (TMH) (Bankr. D. Del. Mar. 31, 2024); *In re Enviva Inc.*, No. 24-10453 (BFK) (Bankr. E.D. Va. Mar. 12, 2024); *In re Hornblower Holdings LLC*, No. 24-90061 (MI) (Bankr. S.D. Tex. Feb. 21, 2024); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 6, 2023); *In re Air Methods Corp.*, No. 23-90886 (MI) (Bankr. S.D. Tex. Oct. 24, 2023); *In re Instant Brands Acquisition Holdings Inc.*, No. 23-90716 (DRJ) (Bankr. S.D. Tex. June 12, 2023); *In re Wesco Aircraft Holdings, Inc. (Incora)*, No. 23-90611 (MI) (Bankr. S.D. Tex. June 1, 2023); *In re Diebold Holding Co., LLC*, No. 23-90602 (DRJ) (Bankr. S.D. Tex., June 1, 2023); *In re Monitronics Int'l, Inc.*, No. 23-90332 (CML) (Bankr. S.D. Tex. May 15, 2023); *In re Envision Healthcare Corp.*, No. 23-90243 (CML) (Bankr. S.D. Tex. May 15, 2023); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. Apr. 23, 2023); *In re Virgin Orbit Holdings, Inc.*, No. 23-10405 (KBO) (Bankr. D. Del. Apr. 4, 2023); *In re Invacare Corp.*, No. 23-90068 (CML) (Bankr. S.D. Tex. Jan. 31, 2023); *In re Party City Holdco Inc.*, No. 23-90005 (DRJ) (Bankr. S.D. Tex. Jan. 17, 2023); *In re Phoenix Servs. Topco, LLC*, No. 22-10906 (MFW) (Bankr. D. Del. Sept. 27, 2022); *In re Cineworld Grp. plc*, No. 22-90168 (MI) (Bankr. S.D. Tex. Sept. 7, 2022); *In re Lumileds Holding BV*, No. 22-11155 (LGB) (Bankr. S.D.N.Y. Aug. 29, 2022); *In re Celsius Net., LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. July 13, 2022); *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 15, 2022); *In re Talen Energy Supp., LLC*, No. 22-90054 (MI) (Bankr. S.D. Tex. May 9, 2022); *In re Ector Cnty. Energy Ctr., LLC*, No. 22-10320 (JTD) (Bankr. D. Del. Apr. 11, 2022); *In re Ruby Pipeline, LLC*, No. 22-10278 (CTG) (Bankr. D. Del. Mar. 31, 2022); and *In re Tilden Marcellus, LLC*, No. 22-20212 (GLT) (Bankr. W.D. Pa. Feb. 4, 2022); *In re Grupo Aeromexico, S.A.B. de C.V.*, No. 20-11563 (JPM) (Bankr. S.D.N.Y. June 30, 2020); *In re LATAM Airlines Group, S.A.*, No. 20-11254 (JLG) (Bankr.

S.D.N.Y. May 26, 2020); and *In re Purdue Pharma L.P.*, No. 19-23649 (SHL) (Bankr. S.D.N.Y. Sept. 15, 2019).

10.    Davis Polk is intimately familiar with the Debtors' businesses and financial affairs and is well-qualified to provide the services required by the Debtors in the Chapter 11 Cases. Davis Polk has advised the Debtors on various matters since March 2020.  Davis Polk, along with Debevoise and Morris Nichols, as proposed legal counsel, Perella Weinberg Partners ("**PWP**"), as proposed investment banker, Alvarez & Marsal North America, LLC ("**A&M**"), as proposed financial and compensation advisor, Epiq Corporate Restructuring, LLC ("**Epiq**"), as claims and noticing agent, and the Debtors, has been primarily responsible for the Debtors' preparations for the Chapter 11 Cases.  Accordingly, Davis Polk has significant relevant experience with the Debtors to deal effectively and efficiently with the primary legal issues likely to arise in the Chapter 11 Cases.

11.    The Debtors believe that Davis Polk—which also has decades of airline experience— is both well-qualified and uniquely able to represent it in the Chapter 11 Cases in an efficient and effective manner.  Were the Debtors required to retain restructuring counsel other than Davis Polk in connection with the prosecution of its Chapter 11 Cases, the Debtors, their estates, and all parties in interest would be unduly and materially prejudiced, including by the time and substantial expense necessary to enable other counsel to become familiar with the Debtors' businesses, operations, and restructuring needs.  The Debtors therefore request that the Court authorize Davis Polk to represent them.

## Scope of Services

12.     The services of Davis Polk are appropriate and necessary to enable the Debtors to execute their duties faithfully and to implement their restructuring.  Subject to further order of the Court, the Debtors propose to employ Davis Polk to render such legal services as may be requested by the Debtors and able to be performed by Davis Polk, including, without limitation:

(a)     preparing, on behalf of the Debtors all necessary or appropriate motions, applications, objections, replies, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

(b)     counseling the Debtors with regard to their rights and obligations as debtor in possession and their powers and duties in the continued management and operation of their businesses and properties;

(c)     providing advice, representation, and preparation of necessary documentation and pleadings and taking all necessary or appropriate actions in connection with debt restructuring, statutory bankruptcy issues, post-petition financing, strategic transactions, securities laws, and real estate, environmental, intellectual property, employee benefits, business and commercial litigation, and corporate and tax matters;

(d)     taking all necessary or appropriate actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

(e)     taking all necessary or appropriate actions in connection with any chapter 11 plan, any related disclosure statement, and all related documents and such further actions as may be required in connection with the administration of the Debtors' estates; and

(f)     acting as general restructuring counsel for the Debtors and performing all other necessary or appropriate legal services in connection with the Chapter 11 Cases.

## Compensation

13.     For the services rendered by Davis Polk, the Debtors propose to pay Davis Polk the applicable rates for timekeepers on this matter set forth in the Huebner Declaration and to reimburse Davis Polk according to its customary reimbursement policies, and the Debtors

respectfully submit that such rates and policies are reasonable.  Davis Polk typically adjusts its

rates on or around January 1 each year.

14.     As set forth in the Huebner Declaration, in the 90 days prior to the Petition Date,

the Debtors provided Davis Polk with advance payments to establish a retainer totaling

$9,609,448.13 (excluding advance payments towards and to replenish a retainer) (the "**Retainer**").

Additionally, Davis Polk submitted invoices to the Debtors, applied the Retainer towards Davis

Polk's invoiced services and fees, and subsequently sought and received replenishment of the

Retainer by the Debtors.  As of the Petition Date, the Debtors do not owe any amount to Davis

Polk on account of legal services rendered prior to the Petition Date.  The remaining Retainer will

be held by Davis Polk as security throughout the Chapter 11 Cases.

15.     The Debtors understand that, in connection with the reimbursement of reasonable

and necessary expenses, it is Davis Polk's policy to charge its clients for certain expenses incurred

in connection with providing certain client services, including, among others, travel, meals,

lodging, photocopying, postage, vendor charges, delivery services, and other expenses incurred in

providing professional services.

16.     Davis Polk will be required to apply for compensation for professional services

rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in

compliance with sections 330 and 331 of the Bankruptcy Code, the applicable provisions of the

Bankruptcy Rules and Local Rules, and any other applicable procedures and orders of the Court.

The Debtors understand that Davis Polk intends to make reasonable and appropriate efforts to

comply with the requests of the Office of the United States Trustee for the Southern District of

New York (the "**U.S. Trustee**") for information and additional disclosures as set forth in the

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

*Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "**UST Guidelines**"), in connection with any fee applications to be filed by Davis Polk in the Chapter 11 Cases.

## Davis Polk's Disinterestedness

17.     The Debtors have reviewed the Huebner Declaration and believe that Davis Polk and its professionals (a) are "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither hold nor represent any interest adverse to the Debtors or their estates and (b) except as disclosed in the Huebner Declaration, have no disabling connection to the Debtors, their significant creditors, or certain other potential parties in interest whose names were supplied to Davis Polk by the Debtors.

18.     Davis Polk has informed the Debtors that it will review its files periodically during the pendency of the Chapter 11 Cases to ensure that no disqualifying circumstances have arisen and that, if any new facts or relationships that Davis Polk believes should be disclosed to the Court and the parties in interest in the Chapter 11 Cases are discovered, Davis Polk will file a supplemental disclosure with the Court and serve such supplemental disclosure on the U.S. Trustee.

## Supporting Authority

19.     The Debtors seek retention of Davis Polk as its restructuring counsel under section 327(a) of the Bankruptcy Code, which provides that a debtor:

> [W]ith the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

20.     Bankruptcy Rule 2014(a) requires that a professional retention application under section 327 of the Bankruptcy Code include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

21.     The Debtors submit that, as detailed above and as set forth in the Huebner Declaration and the Cromer Declaration, the retention and employment of Davis Polk as restructuring counsel to the Debtors in the Chapter 11 Cases is warranted.  Davis Polk (a) does not hold or represent an interest adverse to the Debtors' estates, (b) is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and (c) has no connection to the Debtors, their creditors, or other parties in interest except as set forth in the Huebner Declaration.  Accordingly, the Debtors respectfully request that the Court approve this Application and enter the Proposed Order authorizing the Debtors' retention of Davis Polk as restructuring counsel effective as of the Petition Date.

### *Nunc Pro Tunc* Relief is Appropriate

22.     Davis Polk has agreed to serve as restructuring counsel for the Debtors on and after the Petition Date with assurances that the Debtors would seek approval of its employment and retention *nunc pro tunc* to the Petition Date, so that Davis Polk can be compensated for its pre-Application services.  The Debtors do not believe that any party in interest would be prejudiced by the granting of the *nunc pro tunc* employment, as provided in this Application, because Davis Polk has provided and continues to provide valuable services to the Debtors' estates during the

interim period.   The Local Rules empower courts in this district to approve *nunc pro tunc* employment, and the Debtors submit that such approval is justified here.

## Notice

23.    Notice of this Application will be provided to the following parties (or their counsel) (collectively, the "**Notice Parties**"):  (a) the U.S. Trustee; (b) the Committee; (c) the Consenting Stakeholders; and (d) any other party that is identified on Spirit's master service list,[7] is entitled to notice under Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), or has requested notice pursuant to Bankruptcy Rule 2002.  A copy of this Application and any order entered in respect thereto will also be made available on the Debtors' case information website located at   https://dm.epiq11.com/SpiritGoForward.   Based on the urgency of the circumstances surrounding this Application and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

---

[7]  Accessible at https://dm.epiq11.com/api/file/servicelist?projectCode=SPZ&fileType=pdf.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit C**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: December 3, 2024
       New York, New York

**SPIRIT AIRLINES, INC.**

*/s/ Fred Cromer*
Name: Fred Cromer
Title: Chief Financial Officer

## **Exhibit A**

**Huebner Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

SPIRIT AIRLINES, INC., et al.,

Debtors.[1]

Chapter 11

Case No. 24-11988 (SHL)

(Jointly Administered)

Hearing Date:
December 17, 2024 at 11:00 a.m.

Objection Deadline:
December 10, 2024 at 4:00 p.m.

## DECLARATION OF MARSHALL HUEBNER IN SUPPORT OF THE APPLICATION OF DEBTORS FOR AUTHORITY TO EMPLOY AND RETAIN DAVIS POLK & WARDWELL LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Marshall Huebner, in support of the *Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date*, dated December 3, 2024 (the "**Application**"),[2] declares as follows:

1.      I am a partner of Davis Polk & Wardwell LLP ("**Davis Polk**" or the "**Firm**"), a law firm with its principal office at 450 Lexington Avenue, New York, New York 10017 and other offices in Washington, D.C., Northern California, London, Madrid, Brussels, São Paulo, Tokyo, Beijing, and Hong Kong.

2.      I submit this declaration (the "**Declaration**") (a) in connection with the Application, wherein the Debtors seek entry of an order authorizing the Debtors to employ and retain Davis Polk as their restructuring counsel in the Chapter 11 Cases *nunc pro tunc* to the Petition Date at the applicable rates for timekeepers on this matter, as detailed below, in accordance with the Firm's

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Spirit Airlines, Inc. (7023), Spirit Finance Cayman 1, Ltd. (7020), Spirit Finance Cayman 2, Ltd. (7362), Spirit IP Cayman Ltd. (4732), and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

normal reimbursement policies, (b) in compliance with sections 329 and 504 of the Bankruptcy Code, and (c) to provide the disclosure required under Bankruptcy Rules 2014(a) and 2016(b) and Local Rules 2014-1 and 2016-1.  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

3.       To the extent that it is brought to my attention during the pendency of the Chapter 11 Cases that any information disclosed herein requires amendment or modification upon Davis Polk's completion of further review or as additional party in interest information becomes available to Davis Polk, in each case that requires supplemental disclosure, I or one of my partners will file supplemental declarations reflecting such amended or modified information.

4.       Subject to the qualifications herein and to the best of my knowledge, neither I, Davis Polk, nor any partner, counsel, or associate of the Firm represents any entity other than the Debtors in connection with the Chapter 11 Cases.

5.       Davis Polk has in the past represented, currently represents, or may in the future represent, in matters unrelated to the Chapter 11 Cases, entities that are potential claimants or interest holders of the Debtors.  Davis Polk, which employs more than 1,000 attorneys, has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations.  Some of those entities are, or may consider themselves to be, creditors or parties in interest in the Chapter 11 Cases or to otherwise have interests in the Chapter 11 Cases.

6.       In preparing this Declaration, I relied on information brought to my attention pursuant to the procedures Davis Polk uses to evaluate compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the employment and retention of professionals by debtors thereunder (the "**Internal Review Procedures**").  Pursuant to the Internal

Review Procedures, Davis Polk has taken the following actions to identify parties relevant to this

Declaration and to ascertain Davis Polk's connection to such parties:

(a)    A list of the Debtors, their affiliates, and other potential parties in interest in the Chapter 11 Cases (as set forth on **Schedule 1** hereto, the "**Potential Parties In Interest**") was created by the Debtors and Alvarez & Marsal North America, LLC upon review of the Debtors' records and in consultation with Davis Polk attorneys.

(b)    Davis Polk compared each of the Potential Parties In Interest to the Firm's master records database from its conflict clearance and billing records (the "**Records Database**") by searching all clients and former clients going back two years for any matters that have been opened or closed. The Records Database includes the name of each current or former client and, for each significant current or former matter for each client or former client, the names of the Davis Polk personnel identified at the time such matter was opened as responsible for such matter and, in most instances, the names of certain other material parties directly relevant to such matter. It is Davis Polk's policy that no new matter may be accepted or opened without completing and submitting to those charged with maintaining the Records Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and other relevant parties. Accordingly, the Records Database is regularly updated for every new client retaining Davis Polk and for significant matters undertaken for each such client.

(c)    All matches between the Records Database and the list of Potential Parties In Interest, where a Potential Party In Interest was listed as a client of Davis Polk, were identified (the "**Client Match List**").

(d)    An attorney, law clerk, and/or legal assistant then reviewed the Client Match List and deleted individuals or entities that Davis Polk does not currently represent and has not represented in the last two years. The remaining individuals or entities are set forth on Schedule 2 hereto.

(e)    A general inquiry was sent to all Davis Polk attorneys by email asking whether any of them or, with respect to clauses (i)-(iv) of this paragraph 6(e), their immediate family members (spouse, domestic partner, minor children, or family member living in their household) (i) owns any debt or equity securities of any of the Debtors, (ii) holds a claim against any of the Debtors, (iii) is or was an officer, director, or employee of any of the Debtors, (iv) is related to or has any business or familial connections to any Bankruptcy Judge in the Southern District of New York or person at the Boston or Manhattan offices of the U.S. Trustee, or (v) represented, or are aware of Davis Polk's representation of, a client in a matter relating to the Debtors other than any matter in which the Debtors were the client.

7.    Any parties identified as a client that Davis Polk represents or has represented in

the last two years were reviewed by an attorney, law clerk, and/or legal assistant working under

my supervision.  Based upon such review, Davis Polk believes that it is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b), and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither holds nor represents any interest adverse to the Debtors or their estates, in that Davis Polk, its partners, counsel, and associates:

(a)     are not creditors, equity security holders, or insiders of any of the Debtors;

(b)     are not and were not, within two years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of any of the Debtors; and

(c)     do not hold or represent any interest that is materially adverse to the interests of any of the Debtors' estates or any class of creditors or equity security holders of the Debtors, by reason of Davis Polk's direct or indirect relationship to, connection with, or interest in, any of the Debtors or for any other reason, other than as set forth herein.

8.      Disclosure of any connections Davis Polk has or has had with the Debtors or any Potential Parties In Interest, insofar as I know or have been able to ascertain after reasonable inquiry, is set forth below:

(a)     Davis Polk has advised the Debtors on various matters since March 2020. Davis Polk, along with Debevoise, as proposed fleet counsel, MNAT, as proposed conflicts counsel, PWP, as proposed investment banker, A&M, as proposed financial advisor, Epiq, as claims and noticing agent, and the Debtors, has been primarily responsible for the Debtors' preparations for the Chapter 11 Cases.

(b)     Davis Polk previously has represented within the last two years and/or currently represents, and may continue to represent in the future, the non-Debtor entities listed on Schedule 2 (or their affiliates) in matters unrelated to the Debtors.  The list attached hereto as Schedule 2 is the product of implementing the Internal Review Procedures.  Davis Polk does not and will not represent any of the entities listed on Schedule 2 in matters related to the Chapter 11 Cases.  To the best of my knowledge and information, with the exception of the entities identified in subparagraph (c) below and their affiliates, none of the entities listed on Schedule 2 (each together with its respective affiliates) was the source of more than one percent of Davis Polk's revenues for the 12 months ended October 31, 2024.

(c)     Five of the Potential Parties In Interest, together with their affiliates, accounted for more than one percent of Davis Polk's revenues during the 12 months ended October 31, 2024.  Davis Polk represents Barclays Capital Inc., Citigroup Inc., Comcast Corporation, JPMorgan Chase & Co., and Morgan Stanley & Co. (collectively, the "**1%**

4

**Potential Parties In Interest**") in various matters. Davis Polk has never represented, and will not represent, the 1% Potential Parties In Interest in any matters related to the Debtors or the Chapter 11 Cases. Davis Polk has considered the positions of the 1% Potential Parties In Interest in the Chapter 11 Cases and has concluded that Davis Polk's representation of the Debtors does not create any conflict of interest with the 1% Potential Parties In Interest.

(d)    Partners, counsel, and associates of Davis Polk, including attorneys who may be engaged in Davis Polk's representation of the Debtors, may have been employed by various Potential Parties In Interest (including various governmental agencies) or, when previously employed by other law firms or professional services firms, may have performed services for various Potential Parties In Interest. I do not believe that any such connections would affect Davis Polk's ability to represent the Debtors effectively.

(e)    It is possible that former Davis Polk attorneys are, or were, after leaving Davis Polk, affiliated with various Potential Parties In Interest. However, I do not believe that any such connection would affect Davis Polk's ability to represent the Debtors effectively.

(f)    Robb Dehney, an associate in the Northern California office of Davis Polk, is the son of Robert J. Dehney, Sr., a bankruptcy and restructuring partner in the Wilmington, Delaware office of Morris Nichols, proposed conflicts counsel to the Debtors. I understand that both Robb Dehney and Robert J. Dehney, Sr. will be working on these Chapter 11 Cases pursuant to the proposed retention of their respective firms. However, I do not believe that this connection would affect Davis Polk's ability to represent the Debtors effectively.

(g)    As part of its practice, Davis Polk regularly represents lenders, underwriters, and other parties in litigation and corporate transactions, such as debt and equity issuances and/or credit facilities, including transactions and litigations alongside or involving Potential Parties In Interest, none of which relate to the Chapter 11 Cases. Davis Polk does not believe that these representations would affect Davis Polk's ability to represent the Debtors effectively.

(h)    Various Davis Polk associates are seconded to the legal departments of Davis Polk clients for several months, some of whom are, or are affiliates of, Potential Parties In Interest. However, I do not believe that such connections would affect Davis Polk's ability to represent the Debtors effectively.

(i)    Davis Polk attorneys invest in a broad array of mutual funds and ETFs, some of which either do currently or may in the future own securities of the Debtors or some of its Potential Parties In Interest. However, I do not believe that such connections would affect Davis Polk's ability to represent the Debtors effectively.

(j)    Davis Polk appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of which Davis Polk has represented in the past, represents now, or may represent in the future,

or may be claimants or other parties in interest in the Chapter 11 Cases. Davis Polk is not aware of any relationship it has with any such attorneys, accountants, financial consultants, or investment bankers that is adverse to the Debtors or their estates.

(k)     It is possible that certain Potential Parties In Interest have provided, and in some cases continue to provide, services to Davis Polk. I do not believe that any such connections would compromise Davis Polk's ability to effectively represent the Debtors.

(l)     As part of its practice, Davis Polk regularly represents clients before, or in connection with inquiries from, governmental agencies. I do not believe that any such connections would compromise Davis Polk's ability to represent the Debtors effectively.

(m)     In addition to the foregoing, after reasonable inquiry, I do not believe that there is any connection between Davis Polk and the U.S. Trustee for Region 1 or Region 2 or any person known by me to be employed as an attorney with the offices of such U.S. Trustee.

None of the above relationships constitute an actual conflict, although such relationships may be "connections" within the meaning of Bankruptcy Rule 2014 and, therefore, are disclosed.

9.     Davis Polk will review its files periodically during the pendency of the Chapter 11 Cases to ensure that no disqualifying circumstances have arisen and that, if any new facts or relationships that Davis Polk believes should be disclosed to the Court and the parties in interest in the Chapter 11 Cases are discovered, Davis Polk will file a supplemental disclosure with the Court and serve such supplemental disclosure on the U.S. Trustee.

10.     In the 12 months prior to the Petition Date, Davis Polk did not receive any payments from the Debtors other than advance payments to establish and replenish a retainer (the "**Retainer**") in connection with legal work. An accounting summary of payments invoiced and received by Davis Polk in the 12 month period prior to the Petition Date is set forth on **Schedule 3** annexed hereto. Furthermore, Davis Polk has submitted invoices to the Debtors, applied the Retainer towards Davis Polk's invoiced services and fees, and has subsequently sought and received replenishment of the Retainer by the Debtors for services rendered prior to the Petition Date, as

detailed on **Schedule 3**.  As of the Petition Date, the Debtors did not owe any amount to Davis Polk on account of legal services rendered prior to the Petition Date.

11.    Davis Polk will be compensated at the rates that reflect a discount from the standard rates that Davis Polk customarily charges other clients.  As of the Petition Date, the applicable rates for timekeepers on this matter were as follows: $1,915 to $2,375 per hour for partners; $1,725 to $1,830 per hour for counsel; $695 to $1,590 per hour for associates; and $460 to $650 per hour for paraprofessionals.  Davis Polk adjusts its rates on or around January 1 each year.

12.    It is Davis Polk's policy to charge its clients for certain expenses incurred in connection with providing certain client services, including travel, lodging, photocopying, postage, vendor charges, delivery services, and other expenses incurred in providing professional services. Davis Polk intends to seek reimbursement for expenses and disbursements incurred in connection with the representation of the Debtors in accordance with Davis Polk's policies and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Guidelines, and any applicable order of the Court.

13.    No promises have been received by Davis Polk, or, to the best of my knowledge after due inquiry, any partner, counsel, or associate thereof, as to payment or compensation in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Davis Polk has no agreement with any other entity to share with such entity any compensation received by Davis Polk or by such entity.

14.    To the best of my knowledge, no partner, counsel, or associate of Davis Polk is a relative of, or has a business connection with, any United States Bankruptcy Judge for the Southern District of New York or the Office of the United States Trustee for Region 1 (Boston) or Region

2 (Manhattan), including any attorneys employed thereby.  Accordingly, I understand that the

appointment of Davis Polk is not prohibited under Bankruptcy Rule 5002.

15.     The foregoing constitutes the statement of Davis Polk pursuant to sections 327(a),

329, and 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Rules

2014-1 and 2016-1.

### Attorney Statement Pursuant to UST Guidelines

16.     The following is provided in response to the request for additional information set

forth in Section D.1 of the UST Guidelines:

**Question:**     Did you agree to any variations from, or alternatives to, your
standard or customary billing arrangements for this engagement?

Answer:     Davis Polk has agreed to a discount off of its standard rates.

**Question:**     Do any of the professionals included in this engagement vary
their rate based on the geographic location of the bankruptcy case?

Answer:     No.

**Question:**     If you represented the client in the 12 months prepetition,
disclose your billing rates and material financial terms for the prepetition
engagement, including any adjustments during the 12 months prepetition.  If your
billing rates and material financial terms have changed post-petition, explain the
difference and the reasons for the difference.

Answer:     As of the Petition Date, the applicable rates for timekeepers
on this matter were as follows:  $1,915 to $2,375 per hour for partners; $1,725 to
$1,830 per hour for counsel; $695 to $1,590 per hour for associates; and $460 to
$650 per hour for paraprofessionals.  Davis Polk represented the Debtors during the
12-month period prior to the Petition Date and, during that time, the range of Davis
Polk's rates were as follows: $1,705 to $2,420 per hour for partners; $1,615 to
$2,040 per hour for counsel; $645 to $1,705 per hour for associates; and $420 to
$795 per hour for paraprofessionals.  Davis Polk's billing rates and material
financial terms have not changed post-petition.

**Question:**     Has your client approved your prospective budget and
staffing plan, and, if so, for what budget period?

Answer:     The Debtors and Davis Polk have discussed the staffing
requirements of these Chapter 11 Cases and have agreed that a formal budget and
staffing plan are not necessary given the anticipated scope and duration of these

8

proceedings. The Court has approved a general 13-week Debtor budget on an interim basis, which includes Davis Polk's engagement and which budget is set forth in set forth in <u>Schedule 1</u> to the *Interim Order (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [ECF No. 80].

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is, to the best of my knowledge and belief, true and correct, and that this Declaration was executed on December 3, 2024.

Dated: December 3, 2024
New York, New York

By: _/s/ Marshall Huebner_____

　　　Marshall Huebner
　　　Partner
　　　Davis Polk & Wardwell LLP

**Schedule 1 to Huebner Declaration[1]**

Potential Parties In Interest List

---

[1] Where an entity fits into multiple categories, it is listed in each of those categories to make clarify its various relationships to the Debtors.

# SPIRIT AIRLINES, INC.

### POTENTIAL PARTIES IN INTEREST

**Banks / Lenders / UCC Lien Parties / Administrative Agents**
AllianceBernstein Holding LP
Allianz SE
Allstate Investments LLC
American Express
AQR Arbitrage LLC f/k/a CNH Partners, LLC
Banamex
Banco de America Central
Barings LLC
Blackrock
Brighthouse Funds Trust II
Citibank NA
Cyrus Capital Partners LP
D.E. Shaw & Co LP
Deutsche Bank
Discover Global Network
Ficohsa
FMR LLC
Franklin Resources
III Capital Management (Triple-Eye)
Itau Bank
JP Morgan Chase & Co
K2 & Associates Investment Mgmt
Knights Of Columbus
Laguna Bay Capital Pty Ltd
Lazard Ltd
M&G PLC
Manulife Financial Corp
Millennium Management LLC
Morgan Stanley & Co LLC
PIMCO Luxembourg SA
Royal Bank Of Canada
Scotiabank Bank
Shaolin Capital Management LLC
Sig Holding LLC (Susquehanna International Group)
Sogebank
State Street Corp
Treasury Partners
U.S. Bank
UBS AG
Victory Capital Management Inc

Wells Fargo

**Bondholders**
Capital Ventures International
Computershare Trust Company, N.A.
Cyrus Capital Partners L.P.
D. E. Shaw Valence Portfolios, L.L.C.
III Capital Management
K2 & Associates Investment Management Inc.
Kore Advisors LP
Shaolin Capital Management LLC
Susquehanna Advisors Group, Inc.
UBS Asset Management (Americas) LLC
UBS Asset Management Switzerland AG
Whitebox Advisors LLC
Wilmington Trust National Association

**Debtors**
Spirit Airlines
Spirit Finance Cayman 1 Ltd.
Spirit Finance Cayman 2 Ltd.
Spirit IP Cayman Ltd.
Spirit Loyalty Cayman Ltd.

**Directors / Officers**
Alviene, Dana Shapir
Barclay G. Jones III
Bendoraitis, John
Canfield, Thomas C.
Christie III, Ted
Cromer, Fred
Dunkerley, Mark B.
Gardner, H. McIntyre
Ghosh, Rana
Grindle, Linde
Johnson, Robert D.
Klein, Matthew H.
Richards, Christine P.
Soto, Myrna M.
Wallman, Richard F.
Wiggins, Rocky B.

**Insurance**
ACE American Insurance Company
ACE Fire Underwriters Insurance Company
Agencia de Regulacion y control de las
Telecomunicaciones (ARCOTEL)
AIG - American Home Assurance Co.
AIG - National Union Fire Insurance Company
AIG - WorldSource
AIG Specialty Ins Co.
Allianz Global Risks US Insurance Company
Arch Specialty Insurance Co.
Argonaut Insurance Company
Ascot Specialty Insurance Company
Atlantic Specialty Insurance Company
AXA XL - Indian Harbor Insurance Company
AXA XL (XL Specialty Insurance Company)
Axis Excess Insurance Policy
Axis Insurance Company
Beazley Group
Berkley Insurance Company
Berkshire Hathaway
Brit (Lloyds of London)
Charles F. Engel And Associates LLC.
Chubb
Comision ejecutiva portuaria autonoma
Continental Casualty Company
Crum & Forster Specialty
El Aguila compania de seguros
Freedom Specialty Insurance
Great American Insurance
Grupo Mexicano De Seguros
Hartford
HDI Global Insurance Company (Falcon)
Hiscox
Indemnity Insurance Company of North
America (Chubb)
Instituto Nacional De Seguros
Instituto Nicaraguense de aeronautica civil
Landmark American Insurance Co
Liberty Surplus Insurance Corporation
Lloyd's of London
Member Companies of La Reunion Aerienne
Nautilus Insurance Company (Berkley)
Old Republic Insurance Company
RLI Insurance Company
Seguros America
Seguros Bolívar
Seguros del estado
Seguros Equinoccial
Seguros Mundial
Selective Insurance Company Of Se

Sirius International Insurance Corporation
Sompo (Endurance Assurance Corp)
Southern Insurance Company
Starr Surplus Lines Insurance Company per
Starr Aviation Agency, Inc.
Starstone Specialty Insurance Company
The Hartford Premier Excess Policy
Underwriters at Lloyd's of London and other
Licensed Companies per OneGlobal Broking,
Ltd.
Westfield Insurance Company
Zurich

**Litigation**
Cox, Thomas, et al.

**Significant Competitors**
Alaskan Airlines
Allegiant Air
American Airlines
Delta Air Lines
Frontier Airlines
Hawaiian Airlines
JetBlue Airways Corporation
SkyWest Airlines
Southwest Airlines Company
United Airlines, Inc.

**Significant Equity Holders**
BlackRock Inc.
BNY Asset Management
D.E. Shaw & Co. LP
Dimensional Fund Advisors LP
Geode Capital Management, LLC
Millennium Management
Northern Trust Global Investments
Squarepoint OPS LLC
State Street Global Advisors, Inc.
Vanguard Group Inc.

**Surety & Letters of Credit Beneficiaries**
Ace American Insurance
AERO DFW III, L.P. (DFW -Ramp Lease)
Aero DFW III, LP (DFW - Warehouse Lease)
Aero Lauderdale (FLL- Warehouse Lease)
Aeronautica Civil - Colombia - Unidad
Administrativa de Aeronautica Civil
Afianzadora Aserta, S.A. de C.V.
Albuquerque International Sunport
Arch Insurance Company
Autoridad de Aviacion Civil (AAC)

Bank of Utah
Burbank-Glendale-Pasadena Airport Authority
Charleston County Aviation
City of Houston - Houston Airport System
City of Los Angeles - Department of Airports
City of Pensacola - Pensacola International
Airport
City of Phoenix
Clark County Department of Aviation
Connecticut Fuel Tax
County of Milwaukee
Department of Licensing Fuel Tax Unit WA
DGAC - Ministerio de Transportes
Direccion General de Aerocivil Honduras
(AHAC)
Direccion General de Aviacion - Ecuador
Florida Fuel or Pollutants Tax Surety Bond
Fukuoka Road Co. LTD (SMBC N630NK-MSN
6304)
Gemstone Delaware 4 LLC c/o Sirius Aviation
Capital Holdings
Hanover New York Liquor Authority
Horry County Department of Airports
John Wayne Airport (SNA), Orange County
Kinder Morgan (and/or) CALNEV Pipeline LLC
Maryland Fuel Tax
Massachusetts Port Authority
MBJ Airports Limited
Memphis-Shelby County Airport Authority
Miami Dade Aviation Department
Miami Dade Aviation Department - Facilities
National Union / Chartis (Workers Comp 2013)
Navigator Aviation Delaware 3
(DAE_N605NK-MSN 4548)
Navigator Aviation Delaware 3
(DAE_N617NK-MSN 5387)
New Orleans Aviation Board
North Carolina Fuel Tax
Oakland Airport
ORIX (owner: Ikehara Kanou) N609NK / MSN
4951
PAC Kingston Airport Limited
Raleigh-Durham International Airport
Reno-Tahoe Airport
Salt Lake City Corporation
San Antonio International Airport
San Jose International Airport
SFV Aircraft Holdings US 2 LLC
(N636NK_MSN6424)
Sheltair Aviation Center, LLC

SMBC Aviation Capital Limited (SMBC
N625NK_MSN 5954)
St. Louis Lambert Intl Airport (STL)
Tennessee Dept of Revenue (Nashville)
The Port Authority of New York & New Jersey
The Puerto Rico Ports Authority
The State of Austin, Texas
UMB Bank
USBank National Association
Utah Department of Alcoholic Beverage Control
Valero Marketing and Supply Company
Wells Fargo (Avolon N620NK_MSN 5624)
Wells Fargo (Stratos N619NK_MSN 5517)

**Surety & Letters of Credit Issuers**
BAC International Bank, Inc.
JMalucelli
Mapfre-La Centro Americana
Sweaden Compania de Seguros S.A.

**Taxing Authority / Governmental /
Regulatory Agencies**
Internal Revenue Service
Transportation Security Administration

**Top 20 Creditors**
AGI Ground, Inc
Broward County Aviation Department
Charles Tombras Advertising, Inc
G2 Secure Staff, LLC
GAT Airline Ground Support
Haeco Americas Airframe Services
International Aero Engines
Lufthansa Technik
Messier-Goodrich
Microsoft Licensing, GP
Navitaire, Inc
Perimeter Logistics Inc
Prime Flight Aviation Services
Ryan Inc.
Swissport USA Inc
TA Connections De & II, LLC
U.S. Department Of The Treasury
Wilmington Trust, National Association
Worldwide Flight Services

**Unions**
Association of Flight Attendants-CWA, AFL-
CIO
The Air Line Pilots Association, International

The International Association of Machinists and
Aerospace Workers
The Professional Airline Flight Control
Association
Transport Workers Union of America

**Unsecured Creditors' Committee**
AerCap
AGI Ground, Inc
Airline Pilots Association, International
JSA International U.S. Holdings, LLC
Lufthansa Technik

**U.S. Bankruptcy Judges**
Chief Judge Martin Glenn
Judge Lisa G. Beckerman
Judge Phillip Bentley
Judge James L. Garrity Jr.
Judge David S. Jones
Judge Sean H. Lane
Judge John P. Mastando III
Judge Cecelia G. Morris
Judge Kyu Y. (Mike) Paek
Judge Michael E. Wiles

**U.S. Bankruptcy Professionals - Other**
Ducera Partners LLC
Evercore Inc.
O'Melveny & Myers LLP
Skyworks Inc.

**U.S. Bankruptcy Professionals - Retained**
Alvarez & Marsal
Davis Polk & Wardwell LLP
Debevoise & Plimpton
Ernst & Young LLP
Morris, Nichols, Arsht & Tunnell LLP
Perella Weinberg Partners
Walkers

**U.S. Trustee Office (Boston)**
Baptista, Melanie
Bradford, Eric K.
Dagle, Jacqueline F.
Harrington, William K.
Kesselman, Justin A.
King, Richard T.
Longton, Jason R.
Nevers, Amber
Scott, Angie R.
Sprague, Heather

Vagianos, Maria

**U.S. Trustee Office (Manhattan)**
Abriano, Victor
Bruh, Mark
Cassara, Amanda D.
Cornell, Shara
Joseph, Nadkarni
Mendoza, Ercilia A.
Moroney, Mary V.
Ogunleye, Alaba
Riffkin, Linda A.
Rodriguez, Ilusion
Rudewicz, Daniel
Schwartz, Andrea B.
Schwartzberg, Paul K.
Sharp, Sylvester
Siegel, Rachael E.
Tiantian, Tara
Velez-Rivera, Andy
Vescovacci, Madeleine
Vlasova, Valentina
Wells, Annie
Zipes, Greg M.

**Vendors**
Aar Aircraft Services
Aaset 2022-1 Limited
Accipiter Investments Aircraft 2 Li
Ace American Insurance Company
Acro Aircraft Seating Ltd
Aeg Fuels Mexico S.A.P.I. De C.V.
Aercap Global Aviation Trust 902/4/
Aercap N901Nk (Formally Ilfc)
Aercap/Celtago Funding Ltd 903Nk
Aero 1 Aircraft Support LLC.
Aerodom
Aeropuerto De Cancun S.A. De C.V
Aerostar Airports Holdings
Aersale, Inc.
Aetna Us Healthcare-Dental Dmo
Agi Ground, Inc
Air Lease Corporation (La)
Air Transport Association
Airbus North America Customer Service
Aircastle Advisor LLC
Airline Pilots Association
Airplan
Akin Gump Strauss Hauer & Feld LLP
Akron - Canton Airport
Allied Universal

Arizona Dept. Of Environmental Qual
Arkansas Auditor of State
Associated Energy Group
Atlanta Airlines Terminal Corp
Atlanta Dept Of Aviation (Pfc)
Automatic Data Processing (ADP)
Avenger Flight Group LLC
Avfuel Corporation
Aviam
Aviation Capital Group LLC
Avis Budget Group, Inc.
Avolon Aerospace (Ireland) Aoe 30
Bagcentral
Banco De Costa Rica
Bancredito
Barclays Capital Inc.
Berger Singerman LLP
Bf Aerospace 1010593A
Boston Consulting Group
Bp Products North America, Inc
Brasfield & Gorrie, LLC
Broward County Chamber
Broward Cty Aviation Dept
Broward Cty Aviation Pfc
Budget Rent A Car System, Inc
Bureau Of Revenue And Taxation
C3 Customer Contact Channels
Cae Flight Services USA
Cbiz Mhm, LLC
Cdw Computer Centers, Inc.
Certified Aviation Services LLC
CFE And Associates
Charles Schwab Bank
Charles Tombras Advertising, Inc
Chevron Products Company
Chicago Department of Finance
Cit Group/Equipment
Citibank Na
City Of Atlanta Department Of Aviat
City Of Charlotte
City Of Chicago Dept. Of Aviation
City Of Chicago Pfc
City of College Park
City of Doral
City Of Los Angeles
City Of Los Angeles Pfc
City Of Philadelphia
City Of Philadelphia - Pfc
Clark County Dept Of Aviation
Clinton County Treasurer-Pfc
Coforge, Inc.

Collector Of Customs - Jam
Collector Of Customs -Airports, Jamaica
Collector Of Taxes, Haiti
Colorado State Treasury
Commissioner Of Revenue Services
Commonwealth of Pennsylvania
Converge Technology Solutions Us, L
Convergint
Cook Country Depart Of Revenue
Cramer-Krasselt
Crowe PR
Dal Global Services, Inc.
Dallas County Tax Office
Dallas Fort Worth Intnl - Pfc
Dallas/Fort Worth Int. Airport
Delaware State Escheator
Dept Of Consumer Affairs
Dept Of Lic & Consumer St Croix
Detroit Metropolitan - Pfc
Diehl Aerospace, Inc 1000134A
Direccion/Colector De Impuestos Int
Direct Airline Services
Dollar Thrifty Car Rental
Doug Belden, Tax Collector
Elavon Canada Company
Empire Office, Inc
Engine Lease Finance Corp
Epic Aviation LLC
Equilon Ent. Dba Shell Oil Products
Erc CCI Limited
Eurest Dining Services
Express Scripts Inc
F & E Aircraft Maintenance LLC
Federal Express Corporation
Fgl Aircraft USA Inc.
Fideicomiso Opain Sa
Firme Turnier
First Kontact Bpo Dba Advantage
Fl Dept Of Environmental Protection
Fl Dept. Agriculture & Consumer Srv
Florida Dept Of Transportation
Fort Lauderdale Fuel Facilites LLC
Fsm Group LLC-Orlando
G2 Secure Staff, LLC
Gat Airline Ground Support
Gen2 Systems Limited
Government of The Virgin Island
Ground Motive Dependable
GSE America LLC 1011215A
Gtr Orlando Aviation Authority
Haeco Americas Airframe Srvc

Haeco Cabin Solutions, LLC
Heico Aerospace Corporation
Hillsborough County Aviation Auth
Home Serv Delivery, LLC
Honeywell International Sarl
Hookers Point Fuel Facilities LLC
Houston Airport System
Husky Marketing And Supply Company
Iah/George Bush Intercontinental -
Iata Empresa Hondurena De Infraestr
Iata/Palmerola Internatnl Arprt,
Inguat/Instituto Guatemalteco De Tu
Instituto Dominicano De Aviacion Ci
International Aero Engines Ag 10001
International Aero Engines LLC
Iowa Department of Treasury
Jacksonville Aviation Pfc'S
Jones Day
JSA International Us Holdings, LLC
Kansas State Treasurer
Kent County Dept Of Aeronautics
Keystone 9 Limited
KPMG
Kyndryl, Inc.
Las Vegas Dept Of Aviation-Pfc
Laxfuel Corporation
Levarti Limited
Level 3 Communications LLC
Liebherr Aerospace Saline Inc
Lockton Companies
Lufthansa Technik
Manager Of Finance, CO
Manager Of Finance, TX
Marathon Petroleum Company Lp
Marion County Treasurer
Maryland Aviation Admin - Pfc
Maryland Aviation Administration
Masergy Communications
Maximus Global Services LLC
Menzies Aviation (Asig)
Merx Aviation Dba Appolo Navigator
Messier-Goodrich
Metro Washington Airport Auth- Pfc
Miami-Dade Aviation Dept. Pfc
Miami-Dade County Finance Dept
Miami-Dade County Florida
Michelin Aircraft Tire Co., LLC
Micro Accounting Services Ltd
Microsoft Licensing, GP
Ministere De Finances Et De, Haiti
Ministerio De Comercio

Minnesota Dept. Of Public Safety Director
Alcohol & Gambling Enforce
Morgan Stanley & Co LLC
Motavita Asesores Sas
MRO Commercial, S.A
MTU Maintenance Canada
Myers Fletcher & Gordon
Myrtle Beach/Horry Dept Of Airport
Nassar Abogados
Navigator Aviation Dac
Navitaire, Inc.
Nc Office of The State Treasurer
Nevada Department Of Taxation
New Orleans Aviation Bd
New York State Department
Nexgen Aero 1000245A
Niagara Frontier Transport. - Pfc
NJ Dept Of Revenue
NYS Unemployment Insurance
ODP Business Solutions LLC
Office of The Indiana Attorney Gene
Office of West Virginia State Treas
Oliver Wyman, LLC
One Diversified, LLC
Optum Bank Inc
Orix Aviation
Pa Dept Of Revenue
Palm Beach Int'L Airport Pfc
Paul, Weiss, Rifkind, Wharton
Pbf Holding Company LLC
Perimeter Logistics Inc
Pfc Greater Asheville Regional
Philadelphia Terminal & Equipment C
Philippi, Prietocarrizosa, Ferrero
Phillips 66 Company
Piedmont Triad Airport Auth Pfcs
Port Authority ( Pfc Only )
Port Authority (Ewr Pfc Only)
Port Authority Of Ny & Nj
Port Of Oakland
Prime Flight Aviation Svcs/Gse
Prosegur Services Group, Inc.
Prospect Airport Services, Inc
Puma Energy (Aviation) S.A.
PWC
Quiq, Inc.
Rafael Conrado PLC
Reno-Tahoe Airport Authority
Rohr, Inc. 1000282A
Ron Wright, Tax Assessor
Ryan Inc.

Sabre, Inc.
Safran Landing Systems (Sas)
Safran Landing Systems Services Mx
San Diego County Regional Arprt Aut
Satair 1000289A
Seneam/Servicio De Adm Tribut
Sepriosa
Serfico-Fiassa
Sfvi Aircraft Holdings Us 1 LLC
Sheila L. Palmer, Collector, Missouri
Sim International B.V.
Sita
Sky High 132 Leasing Co /Icbc
Sky High 136 Leasing Company Limited
Sky Works Capital
SMBC Aviation Capital Ltd
St. Louis County Collector
Star Aviation, Inc. 1010982A
State of New Jersey - Dept of Commu
Superintendencia Adm. Tributaria
Swissport Sa Fuel Services, LLC
Swissport USA Inc
Ta Connections De & Il, LLC
Talento Inc
TBI Airport Management, Inc.
Team Jas Inc.
Tennessee Department of Treasury
Terpel Exportaciones Ci Sas
Tesoro Nacional - Aerocivil Aeronau
Tesoro Nacional - Pty
Textron Gse Inc.

Thrifty Car Rental
Tocumen International Airport
Total Airport Services
Total Energies Marketing USA, Inc.
Total Jamaica Limited 1000120A
Treasury NYC
Treasurer State of Connecticut
Tresor Publique/Redevances
U.S Dept Of Homeland Security
United Health Care Admin Fee
United Healthcare Services
United States Treasury
Unum Life Insurance Company Of Amer
Us Customs And Border Protection
Us Dept. Of Homeland Security
USDA, Aphis, Rot
Valero Marketing And Supply Company
Verizon Wireless
Walker Kirkpatrick
Washington State Dept Of Labor &
Waste Management of Penn, Inc
Wayne County Dept. Of Airports
West Virginia State Tax Dept
World Fuel Services, Inc.
World Fuel/Spire Flight Solutions
Worldwide Flight Services
Xtreme Aviation LLC
Zulu Technologies, LLC

**Schedule 2 to Huebner Declaration**

Client Match List for Past Two Years

**SPIRIT AIRLINES, INC.**

**CLIENT MATCH LIST[1]**

| Matched Entity | Relationship to Debtors |
|---|---|
| Aar Corp. 1000362A | Vendor |
| Aerostar Airports Holdings | Vendor |
| Aetna U.S. Healthcare | Vendor |
| AIG - American Home Assurance Co. | Insurer |
| AIG - WorldSource | Insurer |
| AIG Claims, Inc. | Vendor |
| AIG Specialty Ins Co. | Insurer |
| Airbus North America Customer Service | Vendor |
| American Express | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Automatic Data Processing | Vendor |
| Banamex | Banks/Lender/UCC Lien Parties/Administrative Agents |
| BlackRock | Banks/Lender/UCC Lien Parties/Administrative Agents |
| BNY Asset Management | Significant Equity Holder |
| Chubb | Insurer |
| Citibank, N.A. | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Computershare Trust Company, N.A. | Bondholder |
| Cyrus Capital Partners, L.P. | Banks/Lender/UCC Lien Parties/Administrative Agents |
| D.E. Shaw & Co. LP | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Dal Global Services, Inc. | Vendor |
| Delta Air Lines | Significant Competitor |
| Deutsche Bank | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Discover Global Network | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Elavon Canada Company | Vendor |
| Epic Aviation LLC | Vendor |
| Ernst & Young LLP | Ordinary Course Professionals |
| Evercore Group, LLC | Bankruptcy Professionals - Other |
| Federal Express Corporation | Vendor |
| Fidelity Management & Research Company | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Haeco Americas Airframe Services | Vendor |
| JP Morgan Chase & Co | Banks/Lender/UCC Lien Parties/Administrative Agents |
| JSA International US Holdings, LLC | Vendor |
| Kinder Morgan | Vendor |
| KPMG LLP | Vendor |

---

[1] Davis Polk currently represents, or has represented within the past two years, the entities listed on this Schedule 2 or one or more of their affiliates.

| Matched Entity | Relationship to Debtors |
|---|---|
| Kyndryl, Inc. | Vendor |
| Lazard Ltd | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Level 3 Communications LLC | Vendor |
| Marathon Petroleum Company LP | Vendor |
| Masergy Cloud Communications Inc. | Vendor |
| Millennium Management | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Morgan Stanley & Co LLC | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Northern Trust Global Investments | Significant Equity Holder |
| Perella Weinberg Partners | Bankruptcy Professionals - Retained |
| PIMCO Luxembourg SA | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Pricewaterhouse Coopers | Vendor |
| Royal Bank Of Canada | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Scotiabank | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Shaolin Capital Management | Banks/Lender/UCC Lien Parties/Administrative Agents |
| State Street Global Advisors, Inc. | Banks/Lender/UCC Lien Parties/Administrative Agents |
| U.S. Bank | Banks/Lender/UCC Lien Parties/Administrative Agents |
| UBS | Banks/Lender/UCC Lien Parties/Administrative Agents |
| UMB Bank | Surety & Letters of Credit-Beneficiary |
| United States Treasury | Vendor |
| Walkers | Bankruptcy Professionals - Retained |
| Wells Fargo | Banks/Lender/UCC Lien Parties/Administrative Agents |
| Wilmington Trust N.A. | Banks/Lender/UCC Lien Parties/Administrative Agents |
| World Fuel Services, Inc. | Taxing Authority/Governmental/Regulatory Agencies |

**Schedule 3 to Huebner Declaration**

Summary of Payments[1]

| Invoices Sent to the Debtors by Davis Polk | | | |
|---|---|---|---|
| **Invoice Date** | **Invoice Number** | **Total** | **Advance Payment / Retainer Replenishment** |
| 10/27/23 | 7080990 | 175,000.00 | Yes |
| 11/15/23 | 7082276 | 175,000.00 | Yes |
| 12/04/23 | 7083232 | 258,461.83 | Yes |
| 01/11/24 | 7085764 | 155,671.13 | Yes |
| 02/02/24 | 7086947 | 175,000.00 | Yes |
| 02/08/24 | 7087949 | 263,981.17 | Yes |
| 03/08/24 | 7088478 | 259,095.50 | Yes |
| 04/05/24 | 7091080 | 327,532.86 | Yes |
| 05/15/24 | 7092515 | 171,797.36 | Yes |
| 05/24/24 | 7094165 | 200,000.00 | Yes |
| 06/13/24 | 7094166 | 384,861.45 | Yes |
| 07/11/24 | 7095766 | 298,180.78 | Yes |
| 08/06/24 | 7097360 | 800,463.55 | Yes |
| 08/26/24 | 7097983 | 1,500,000.00 | Yes |
| 09/03/24 | 7098479 | 1,642,355.55 | Yes |
| 10/02/24 | 7100289 | 1,383,244.10 | Yes |
| 11/04/24 | 7102313 | 2,083,848.48 | Yes |
| 11/12/24 | 7102999 | 3,000,000.00 | Yes |

| Payments by the Debtors to Davis Polk | | | |
|---|---|---|---|
| **Payment Date** | **Invoice Number** | **Total** | **Advance Payment / Retainer Replenishment** |
| 11/9/2023 | 7080990 | $175,000.00 | Yes |
| 11/27/2023 | 7082276 | $175,000.00 | Yes |
| 12/28/2023 | 7083232 | $258,461.83 | Yes |
| 2/6/2024 | 7085764 | $155,671.13 | Yes |
| 2/6/2024 | 7086947 | $175,000.00 | Yes |
| 2/27/2024 | 7087949 | $263,981.17 | Yes |
| 4/4/2024 | 7088478 | $259,095.50 | Yes |
| 5/2/2024 | 7091080 | $327,532.86 | Yes |
| 5/21/2024 | 7092515 | $171,797.36 | Yes |

---

[1] Per Davis Polk's usual billing policy for debtor matters, the Debtors provided Davis Polk with advance payments to establish and maintain a Retainer in connection with, and in contemplation of, the Chapter 11 Cases. Davis Polk then submitted invoices to the Debtors, applied the Retainer towards Davis Polk's invoiced services and fees, and subsequently sought and received replenishment of the Retainer by the Debtors.

| 7/1/2024 | 7094165 | $200,000.00 | Yes |
|---|---|---|---|
| 7/1/2024 | 7094166 | $384,861.45 | Yes |
| 7/17/2024 | 7095766 | $298,180.78 | Yes |
| 8/23/2024 | 7097360 | $800,463.55 | Yes |
| 8/27/2024 | 7097983 | $1,500,000.00 | Yes |
| 9/5/2024 | 7098479 | $1,642,355.55 | Yes |
| 10/7/2024 | 7100289 | $1,383,244.10 | Yes |
| 11/8/2024 | 7102313 | $2,083,848.48 | Yes |
| 11/12/2024 | 7102999 | $3,000,000.00 | Yes |

**<u>Exhibit B</u>**

**Cromer Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>**SPIRIT AIRLINES, INC., et al.,**<br><br>                    Debtors.[1] | **Chapter 11**<br><br>**Case No. 24-11988 (SHL)**<br><br>**(Jointly Administered)**<br><br>**Hearing Date:**<br>**December 17, 2024 at 11:00 a.m.**<br><br>**Objection Deadline:**<br>**December 10, 2024 at 4:00 p.m.** |

## DECLARATION OF FRED CROMER IN SUPPORT OF APPLICATION OF DEBTORS FOR AUTHORITY TO EMPLOY AND RETAIN DAVIS POLK & WARDWELL LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

I, Fred Cromer, am the Executive Vice President and Chief Financial Officer of the above-captioned debtor (the "**Debtor**" and, together with its affiliates, collectively, the "**Debtors**" or "**Spirit**," or the "**Company**"), in support of the *Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date*, dated December 3, 2024 (the "**Application**"),[2] declares as follows:

1.      I have been the Executive Vice President and Chief Financial Officer of Spirit since July 2024.

2.      I submit this declaration (the "**Declaration**") in connection with the Application wherein the Debtors seek entry of an order authorizing the employment and retention of Davis Polk as their restructuring counsel in the Chapter 11 Cases *nunc pro tunc* to the Petition Date.

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Spirit Airlines, Inc. (7023), Spirit Finance Cayman 1, Ltd. (7020), Spirit Finance Cayman 2, Ltd. (7362), Spirit IP Cayman Ltd. (4732), and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

## The Debtors' Selection of Davis Polk

3.      It is my strong belief that it is critical to select restructuring advisors with the utmost care to maximize the likelihood of a successful restructuring, while at the same time focusing on costs to ensure that the Debtors' limited resources are being appropriately utilized.

4.      I, as the Chief Financial Officer, along with certain other members of the Debtors' senior management, am responsible for retaining and supervising outside counsel. I am familiar with the markets for professionals both in and out of bankruptcy, and, in particular, Davis Polk's preeminent restructuring practice and its work as restructuring counsel to numerous chapter 11 debtors and distressed companies that successfully restructured in- and out-of-court.

5.      In preparation for the Chapter 11 Cases, the Debtors did not consider any other firms for the role of restructuring counsel given Davis Polk's extensive knowledge of, and experience with, the Debtors and their operations, as well as their substantial experience representing debtors (and airlines) in complex restructurings and chapter 11 cases.

6.      Since March 2020, Davis Polk has advised the Debtors on various matters. Davis Polk has continued to advise Spirit on a broad array of matters, including performing services necessary to enable the Debtors to file for protection under chapter 11. During that time, Davis Polk has become intimately familiar with the Debtors' businesses and many of the potential legal issues that may arise in the context of the Chapter 11 Cases. I believe, for this reason, as well as because of Davis Polk's extensive experience in corporate reorganizations, that Davis Polk is both well-qualified and uniquely suited to represent the Debtors in the Chapter 11 Cases in an efficient and timely manner.

## Rate Structure and Cost Supervision

7.      In connection with the filing of the Chapter 11 Cases, the Debtors and Davis Polk have agreed upon rates for this matter that are discounted from its customary rates. Davis Polk

has informed the Debtors that its billing rates applicable to the engagement are comparable to or less than (a) the rates that Davis Polk charges for non-bankruptcy representations for such non-bankruptcy engagements and (b) the billing rates and terms of other comparably experienced counsel.

8.      The Debtors understand that it is their responsibility to ensure that the fees and expenses the estates pay are fair and reasonable, and the Debtors will review the fee statements of Davis Polk and of all of the Debtors' other professionals to ensure that continues to be the case.

9.      The Debtors and Davis Polk have discussed the staffing requirements of these Chapter 11 Cases and have agreed that a formal budget and staffing plan are not necessary given the anticipated scope and duration of these proceedings.  The Court has approved a 13-week Debtor budget on an interim basis, which includes Davis Polk's engagement and is set forth in Schedule 1 to the *Interim Order (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [ECF No. 80].  I also understand that, in the course of large chapter 11 cases such as these, it is likely that there will be unforeseen issues that the Debtors and Davis Polk will need to address.

10.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated: December 3, 2024
New York, New York

By:  */s/ Fred Cromer*
      Name: Fred Cromer
      Title: Chief Financial Officer
      Spirit Airlines, Inc.

**Exhibit C**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**SPIRIT AIRLINES, INC., et al.,**<br><br>Debtors.[1] | Chapter 11<br><br>**Case No. 24-11988 (SHL)**<br><br>**(Jointly Administered)**<br><br>Hearing Date:<br>December 17, 2024 at 11:00 a.m.<br><br>Objection Deadline:<br>December 10, 2024 at 4:00 p.m. |

## ORDER APPROVING APPLICATION OF DEBTORS FOR AUTHORITY TO EMPLOY AND RETAIN DAVIS POLK & WARDWELL LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application (the "**Application**")[2] of Spirit Airlines, Inc. ("**Spirit Parent**")  and

its subsidiaries (collectively, the "**Cayman Subsidiaries**" and, together with Spirit Parent, the

"**Debtors**," "**Spirit**," or the "**Company**"), which are debtors and debtors in possession in the

above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of an order, pursuant to

section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Rules

2014-1 and 2016-1, approving the employment and retention of Davis Polk as restructuring

counsel for the Debtors *nunc pro tunc* to the Petition Date, pursuant to the terms set forth in the

Application and in the Huebner Declaration; the Court having jurisdiction to consider the

Application and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended

Standing Order of Reference M-431* from the United States District Court for the Southern District

of New York, dated January 31, 2012; and the Court having found that this is a core proceeding

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Spirit Airlines, Inc. (7023), Spirit Finance Cayman 1, Ltd. (7020), Spirit Finance Cayman 2, Ltd. (7362), Spirit IP Cayman Ltd. (4732), and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent

with Article III of the United States Constitution; and the Court having found that venue of the

Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§

1408 and 1409; and due, proper, and adequate notice of the Application and opportunity for a

hearing on the Application having been given to the parties listed therein, and it appearing that no

other or further notice need be provided; and the Court having reviewed and considered the

Application, the Huebner Declaration, and the Cromer Declaration; and the Court having held a

hearing, if necessary, to consider the relief requested in the Application on a final basis (the

"**Hearing**"); and the Court having determined that the legal and factual bases set forth in the

Application, the Huebner Declaration, and the Cromer Declaration and at the Hearing, if any,

establish just cause for the relief granted herein; and the Court having found that (a) Davis Polk

does not hold or represent an interest adverse to the Debtors' estates and (b) Davis Polk is a

"disinterested person," as defined in section 101(14) of the Bankruptcy Code, as required by

section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the

Application being in the best interests of the Debtors, their creditors, their estates, and all other

parties in interest; and all objections and reservations of rights filed or asserted in respect of the

Application, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings

had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.     The relief requested in the Application is granted as set forth in this order (the

"**Order**").

2.     The Debtors are hereby authorized to employ and retain Davis Polk as their

restructuring counsel *nunc pro tunc* to the Petition Date in the Chapter 11 Cases, all as

contemplated by the Application and on the terms provided in the Application, the Huebner

Declaration, and the Cromer Declaration, to the extent that the terms of the Application do not

conflict with the terms of this Order.

3.      Davis Polk is hereby authorized to render professional services, including:

    a.  preparing, on behalf of the Debtors, as debtors in possession, all necessary
    or appropriate motions, applications, objections, replies, answers, orders,
    reports, and other papers in connection with the administration of the
    Debtors' estates;

    b.  counseling the Debtors with regard to their rights and obligations as debtors
    in possession and their powers and duties in the continued management and
    operation of their businesses and properties;

    c.  providing advice, representation, and preparation of necessary
    documentation and pleadings and taking all necessary or appropriate actions
    in connection with debt restructuring, statutory bankruptcy issues, post-
    petition financing, strategic transactions, securities laws, and real estate,
    environmental, intellectual property, employee benefits, business and
    commercial litigation, and corporate and tax matters;

    d.  taking all necessary or appropriate actions to protect and preserve the
    Debtors' estates, including the prosecution of actions on the Debtors' behalf,
    the defense of any actions commenced against the Debtors, the negotiation
    of disputes in which the Debtors are involved, and the preparation of
    objections to claims filed against the Debtors' estates;

    e.  taking all necessary or appropriate actions in connection with any chapter
    11 plan, any related disclosure statement, and all related documents and
    such further actions as may be required in connection with the
    administration of the Debtors' estates; and

    f.  acting as general restructuring counsel for the Debtors and performing all
    other necessary or appropriate legal services in connection with the Chapter
    11 Cases.

4.      Davis Polk shall apply for compensation for its services and reimbursement for any

reasonable and necessary expenses and disbursements in accordance with the rates (as may be

adjusted from time to time) and disbursement policies as set forth in the Application and the

Huebner Declaration and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules, and any other applicable order of the Court. Davis Polk shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the UST Guidelines in connection with the Application and any fee application(s) to be filed by Davis Polk in the Chapter 11 Cases. All fees and expenses incurred by Davis Polk and approved by the Court shall be treated as administrative expenses under section 503 of the Bankruptcy Code.

5.      The balance of the Retainer may be held by Davis Polk as security throughout the Chapter 11 Cases.

6.      Davis Polk shall provide ten-days' notice to the Debtors, the U.S. Trustee, and counsel to any official committee appointed in the Chapter 11 Cases before any increases in the rates set forth in the Application are implemented.

7.      The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of the Chapter 11 Cases or on any chapter 7 trustee appointed in the event of a subsequent conversion of any of the Chapter 11 Cases to cases under chapter 7.

8.      In the event of any inconsistency between the terms of the Application, the Huebner Declaration, the Cromer Declaration, and this Order, the terms of this Order shall govern.

9.      Notwithstanding Bankruptcy Rule 6004, this Order shall be effective and enforceable immediately upon its entry.

10.     The Debtors and Davis Polk are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

11.     The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2024
       White Plains, New York

                                  _____
                                  HONORABLE SEAN H. LANE
                                  UNITED STATES BANKRUPTCY JUDGE