UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**SPIRIT AIRLINES, INC.,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11988 (SHL)<br><br>Jointly Administered |

**ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion [ECF No. 146] (the "**Motion**")[2] of Spirit Airlines, Inc. and its subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order, pursuant to sections 105, 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule 2014(a), approving procedures for the retention and compensation of Ordinary Course Professionals, without the submission of separate retention or fee applications, or the entry of separate retention or fee orders, for each such Ordinary Course Professional, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Airlines, Inc. (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; [and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**");] and the Court having determined that the legal and factual bases set forth in the Motion [and at the Hearing] establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted and as set forth herein.

2. To the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized, but not directed, in their sole discretion to employ the Ordinary Course Professionals and to compensate such Ordinary Course Professionals pursuant to the following terms and conditions (the "**OCP Compensation Procedures**"):

   (a) Each Ordinary Course Professional shall provide the Debtors' attorneys with a declaration (the "**Ordinary Course Professional Declaration**"), substantially in the form attached hereto as **Exhibit 1**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the Ordinary Course Professional is to be employed, and shall periodically update such Ordinary Course Professional Declaration to the extent necessary to reflect new facts or circumstances relevant to their retention.

   (b) The Debtors' attorneys or the applicable Ordinary Course Professional shall promptly file each Ordinary Course Professional Declaration with the Court and serve it (via ECF, first class mail, fax, or email) on the following parties (collectively, the "**Reviewing Parties**"): (i) the U.S. Trustee; One Bowling Green, New York, NY 10004-1408, Attn: Shara Cornell (shara.cornell@usdoj.gov), Annie Wells (annie.wells@usdoj.gov), and Eric Bradford (eric.bradford@usdoj.gov); (ii) counsel to the Consenting Senior Secured Noteholders, Akin Gump Strauss Hauer & Feld LLP, 1

2

Bryant Park, New York, New York 10036, Attn: Michael Stamer and Jason P. Rubin; (iii) counsel to the Consenting Convertible Noteholders, Paul Hastings LLP, 71 S. Wacker Drive, Chicago, Illinois 60606, Attn: Matthew L. Warren and Geoffrey King; and (iv) counsel to the Committee, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Brett Miller and Todd Goren.

(c) The Reviewing Parties shall then have ten days following such service (the "**Objection Deadline**") to notify the Debtors, the Debtors' attorneys, the other Reviewing Parties, and the applicable Ordinary Course Professional in writing of any objection to the retention stemming from the contents of the Ordinary Course Professional Declaration. The Debtors may extend the Objection Deadline as to any Reviewing Party without further order of the Court.

(d) If no objections are received by the Debtors by the Objection Deadline in accordance with paragraph (c) above, retention of the Ordinary Course Professional shall be deemed approved and effective, without further order of the Court, as of the later of the Petition Date or the date the Ordinary Course Professional commenced work.

(e) If an objection is asserted by a Reviewing Party in accordance with paragraph (c) above and such objection is not resolved within ten days of the Objection Deadline (the "**Resolution Deadline**"), the Debtors shall schedule the matter for a hearing before the Court to be held on the next regularly scheduled hearing date that is at least 14 days from the Resolution Deadline, or such other date that may be agreeable to the applicable Ordinary Course Professional, the Debtors, and the objecting Reviewing Party. No Ordinary Course Professional shall be paid any amounts for invoiced fees or expense reimbursement until the Ordinary Course Professional Declaration has been filed with the Court and (i) the Objection Deadline has passed with no objection asserted in accordance with paragraph (c) above or (ii) if an objection is asserted in accordance with paragraph (c) above, until such objection is resolved or upon order of the Court.

(f) Provided that the Ordinary Course Professional's retention has been approved in accordance with the above procedures, the Debtors shall be permitted to pay each Ordinary Course Professional, without further application to the Court and upon the submission to, and approval by, the Debtors of appropriate invoices setting forth in reasonable detail the nature of the services rendered and disbursements incurred, 100% of the post-petition fees, expenses, and disbursements incurred (without prejudice to the Debtors' right to dispute any such invoices); *provided*, that prior to confirmation of a chapter 11 plan in the Chapter 11 Cases, the following limitations, exclusive of costs and disbursements, shall apply to the payment of fees (each, a "**Monthly OCP Cap**"):

  (i) for each OCP designated as "Tier 1" on the Ordinary Course Professionals List, $250,000 per month on average over a rolling three-month period;

  (ii) for each OCP designated as "Tier 2" on the Ordinary Course Professionals List, $100,000 per month on average over a rolling three-month period; and

3

(iii) for each OCP designated as "Tier 3" on the Ordinary Course Professionals List, $50,000 per month on average over a rolling three-month period.

(g) The OCP Monthly Caps may be increased by mutual agreement between the Debtors and the U.S. Trustee (with notice to be provided to the Committee's counsel concurrent with any such request); *provided*, that the Debtors shall file a notice with the Court of any such agreed increase. Interested parties shall have ten days to file an objection to such notice; if no objection is filed within ten days, the applicable increase(s) shall be deemed approved.

(h) To the extent there is no agreement with respect to the increased OCP Monthly Caps as indicated in subparagraph (g), each affected OCP shall file with the Court a fee application for the amounts in excess of the applicable OCP Monthly Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, unless the U.S. Trustee agrees otherwise.

(i) Unless a chapter 11 plan has been confirmed, at three-month intervals during the pendency of the Chapter 11 Cases (each, a "**Quarter**"), beginning with the three-month interval which commences on November 18, 2024, the Debtors shall, within thirty days thereof, file with the Court and serve on the Reviewing Parties a statement with respect to each OCP paid during the immediately preceding Quarter (the "**Quarterly Statement**"). Each Quarterly Statement shall include: (i) the name of each OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by each OCP during the reported Quarter; and (iii) a general description of the services rendered by that OCP. The initial Quarterly Statement shall cover the period beginning on November 18, 2024 and ending on February 28, 2025 and shall be filed no later than March 31, 2025; *provided*, that no Quarterly Statements shall be required following confirmation of a chapter 11 plan in the Chapter 11 Cases.

(j) Notwithstanding any professional being designated as an Ordinary Course Professional, the Debtors may choose to file a separate application to employ any Ordinary Course Professional pursuant to section 327 or 328 of the Bankruptcy Code in their discretion if the Debtors determine a separate retention application is advisable or appropriate.

(k) The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during the Chapter 11 Cases; *provided*, that such Ordinary Course Professionals comply with these procedures.

(l) If the Debtors seek to retain an Ordinary Course Professional not already listed on the Ordinary Course Professionals List during the Chapter 11 Cases, the Debtors will file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the Ordinary Course Professionals List (the "**Supplemental Notice of Ordinary Course Professionals**"), along with the attendant Ordinary Course Professionals' Affidavits.

4

    (m)    If no objection to a Supplemental Notice of Ordinary Course Professionals is filed with the Court and served upon the Debtors' counsel as set forth above, so as to be actually received within ten days after the service thereof, the list will be deemed approved by the Court in accordance with the provisions of this Motion and without the need for a hearing or further Court order. Any Ordinary Course Professionals retained pursuant to the Supplemental Notice of Ordinary Course Professionals will be paid in accordance with the terms and conditions set forth in the paragraphs above.

3.    To the extent that any agreement between the Debtors and an Ordinary Course Professional provides for the indemnification by the Debtors of such Ordinary Course Professional in connection with the services that are the subject of the Motion (each such agreement, an "**Ordinary Course Professional Agreement**"), such indemnification provisions are approved subject to the following modifications, applicable during the pendency of the Chapter 11 Cases:

    (a)    The Ordinary Course Professional shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Ordinary Course Professional Agreement for services other than the services provided under the Ordinary Course Professional Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

    (b)    Notwithstanding anything to the contrary in the Ordinary Course Professional Agreement, the Debtors shall have no obligation to indemnify the Ordinary Course Professional, or provide contribution or reimbursement to the Ordinary Course Professional, for any claim or expense that is either: (i) judicially determined (the determination having become final no longer subject to appeal) to have arisen from the Ordinary Course Professional's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of the Ordinary Course Professional's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which the Ordinary Course Professional should not receive indemnity, contribution, or reimbursement under the terms of the Ordinary Course Professional Agreement as modified by the Court.

    (c)    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) or (ii) the entry of an order closing the Chapter 11 Cases, the Ordinary Course Professional believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Ordinary Course Professional Agreement (as modified by this Order), including the advancement of defense costs, the Ordinary Course Professional

5

must file an application therefor in the Court, and the Debtors may not pay any such amounts to the Ordinary Course Professional before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the Ordinary Course Professional for indemnification, contribution, or reimbursement. If the Ordinary Course Professional seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Ordinary Course Professional Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Ordinary Course Professional's own applications, both interim and final, but determined by the Court after notice and a hearing.

4. The Debtors' right to dispute any invoices shall not be affected or prejudiced in any manner by the relief granted in this Order.

5. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6. This Order is without prejudice to the Debtors' right to (a) request modification of the OCP Monthly Caps (as defined in the OCP Compensation Procedures) or (b) supplement or otherwise modify the Ordinary Course Professionals List.

7. Nothing in this Order shall preclude an Ordinary Course Professional from subsequently seeking retention as an estate professional under sections 327 or 328 of the Bankruptcy Code.

8. Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

9. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

10. Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by any Debtor as to the amount, priority, character, or validity of any claim against any Debtor on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of any Debtor's or any party in interest's rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by any Debtor to pay any claim, or (e) an implication or admission by any Debtor that such claim is payable pursuant to this Order.

11. Any period of time prescribed or allowed by this Order shall be computed in accordance with Bankruptcy Rule 9006.

12. Notwithstanding Bankruptcy Rule 6004, this Order shall be effective and enforceable immediately upon its entry.

13. The Debtors are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

14. The Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:   December 18, 2024
         White Plains, New York            */s/ Sean H. Lane*
                                           THE HONORABLE SEAN H. LANE
                                           UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**Ordinary Course Professional Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SPIRIT AIRLINES, INC.**, *et al.*, | Case No. 24-11988 (SHL) |
| Debtors.[1] | Jointly Administered |

**DECLARATION OF DISINTERESTEDNESS OF _____
IN SUPPORT OF EMPLOYMENT OF _____
AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

_____, declares and says:

1. I am a [POSITION] of _____, located at _____ (the "**Firm**").

2. Spirit Airlines, Inc. and its subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), have requested that the Firm provide legal services to the Debtors in connection with certain _____ matters, and the Firm has consented to provide such services.

3. Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure, the Firm hereby confirms that, to the best of its knowledge and belief, the Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the Chapter 11 Cases, for persons that are claimants or other parties in interest in the Chapter 11 Cases. The Firm does not perform services for any such person in connection with the Chapter 11 Cases.

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Airlines, Inc. (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

4. Neither I nor [any partner or associate of the Firm], insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is to be employed.

5. Neither I nor [any partner or associate of the Firm] has agreed to share or will share any portion of the compensation to be received from the Debtors with any person other than partners and associates of the Firm.

6. The Debtors owe the Firm $_____ for prepetition services.

7. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and, upon conclusion of that inquiry or at any time during the period of its employment, if the Firm should discover any facts bearing on the matter described herein, the Firm will supplement the information contained in this declaration.

8. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on _____, 202_.

_____
[Name]